Case No. 21-13202-J

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

SARA DANESHPAJOUH

Plaintiff/Appellant,

vs.

SAGE DENTAL GROUP OF FLORIDA, PLLC, *et al.*

Defendants/Appellees.

On Appeal from the United States District Court
for the Southern District of Florida
Case No. 19-cv-62700-RAR

**CORRECTED BRIEF OF APPELLEES
SAGE DENTAL GROUP OF FLORIDA, PLLC; SAGE DENTAL
MANAGEMENT, LLC; AND
SAGE DENTAL OF POMPANO BEACH, P.A**

/s/ *S. Carey Villeneuve*
S. Carey Villeneuve, Esq.
Fla. Bar No. 60621
carey.villeneuve@bipc.com
**BUCHANAN INGERSOLL & ROONEY PC**
401 East Las Olas Blvd., Suite 2250
Fort Lauderdale, FL  33301
Telephone: (954) 609-9714

Christian Antkowiak, Esq., *pro hac vice*
Pa. Bar No. 202044
christian.antkowiak@bipc.com
Erin J. McLaughlin, Esq., *pro hac vice*
Pa. Bar No. 209231
christian.antkowiak@bipc.com
**BUCHANAN INGERSOLL & ROONEY PC**
501 Grant Street, Suite 200
Pittsburgh, Pennsylvania 15219
Telephone:  (412) 562-8800

*Counsel for Appellees Sage Dental Group of Florida, PLLC; Sage Dental
Management, LLC; and Sage Dental of Pompano Beach, P.A*

21-13202-J

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

## AMENDED CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1 through 26.1-3, undersigned counsel for Appellees, certifies that the following is a complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

| | |
|---|---|
| 1. | Antkowiak, Christian (Appellees' Counsel) |
| 2. | Beazley Furlonge Limited (Appellees' Insurer) |
| 3. | Becker & Poliakoff, P.A. (Appellant's Counsel) |
| 4. | Buchanan Ingersoll & Rooney PC (Appellees' Counsel) |
| 5. | Roark, Cindy (Sole Manager of Appellee Sage Dental Group Of Florida, PLLC's) |
| 6. | Daneshpajouh, Sara (Appellant) |
| 7. | Dokovna, Jamie B. (Appellant's Counsel) |
| 8. | Farinas-Sabogal, Lilliana M. (Appellant's Counsel) |

21-13202-J

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

| | |
|---|---|
| 9. | GD Dental Services Holding Corporation (Parent Corporation of Appellee Sage Dental Management, LLC) |
| 10. | GD Dental Services, LLC (Parent Company of Appellee Sage Dental Management, LLC) |
| 11. | McLaughlin, Erin J. (Appellees' Counsel) |
| 12. | Ruiz II, The Honorable Rodolfo A. (Trial Judge) |
| 13. | Sage Dental Group Of Florida, PLLC (Appellee) |
| 14. | Sage Dental Management, LLC (Appellee) |
| 15. | Sage Dental Of Pompano Beach, P.A. (Appellee) |
| 16. | Syndicate 2623/623 at Lloyd's of London (Underwriters of Appellees' Insurance Policy) |
| 17. | TBG NMS Holdings, Inc. (Parent Corporation of Appellee Sage Dental Management, LLC) |
| 18. | Villeneuve, Stephen Carey (Appellees' Counsel) |

None of Appellees are publicly traded corporations, nor does any publically traded corporation own 10% or more of any of Appellees' stock.

/s/ *S. Carey Villleneuve*
S. Carey Villeneuve, Esq.
Fla. Bar No. 60621

21-13202-J

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Appellees, Sage Dental Group of Florida, PLLC, Sage Dental Management, LLC, and Sage Dental of Pompano Beach, P.A. (collectively, "Appellees" or "Sage Dental") hereby request oral argument, but defer to the Court's preference.

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

## **TABLE OF CONTENTS**

STATEMENT REGARDING ORAL ARGUMENT ............................................. iii

PREFACE REGARDING RECORD CITATIONS ....................................................x

STATEMENT OF THE ISSUES.................................................................................1

STATEMENT OF THE CASE.....................................................................................2

I.   NATURE OF THE CASE .................................................................................2

II.  COURSE OF PROCEEDINGS AND DISPOSITION IN DISTRICT
     COURT..............................................................................................................2

III. STATEMENT OF FACTS ................................................................................3

IV.  STATEMENT OF STANDARD OF REVIEW ..............................................11

SUMMARY OF THE ARGUMENT ......................................................................13

ARGUMENT AND CITATIONS TO AUTHORITY ............................................18

I.   APPELLANT WAIVED EACH AND EVERY ARGUMENT MADE ON
     APPEAL ..........................................................................................................18

     A.   The District Court Correctly Ruled That Appellees' Motion for
          Summary Judgment Was Effectively Unopposed. ............................18

     B.   Because Appellant has not challenged that ruling thereby
          waiving the right to argue from an alternative set of facts – this
          Court's review is limited to the record facts as found by the
          District Court.....................................................................................19

     C.   Appellant's Newly Concocted "Rescission Theory" Was Not
          Presented to the District Court and, Therefore, Has Been
          Waived................................................................................................25

II.  THE DISTRICT COURT PROPERLY GRANTED SUMMARY
     JUDGMENT BASED ON THE UNDISPUTED FACTUAL RECORD
     PRESENTED TO THE DISTRICT COURT...................................................34

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

A.    The District Court properly entered summary judgment on Appellant's pregnancy discrimination claim. ....................................34

B.    The District Court Properly Entered Summary Judgment On Appellant's Title VII and FCRA Retaliation Claims..........................38

C.    The District Court Properly Granted Summary Judgment On Appellant's FMLA Retaliation/Interference Claims..........................45

D.    The District Court Properly Granted Summary Judgment As To Appellant's FWA Retaliation Claim..................................................50

CONCLUSION .......................................................................................51

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS ...................................................................................52

CERTIFICATE OF SERVICE ...............................................................53

21-13202-J

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

## TABLE OF AUTHORITIES

**CASES** ................................................................................. **PAGES**

*Alvarez v. Royal Atl. Devs., Inc.*,
610 F.3d 1253, 1269 (11th Cir. 2010) ...................................... 41, 42, 43

*Anderson v. Am. Gen. Ins.*,
688 Fed. Appx. 667, 670 (11th Cir. 2017)................................32

*Boyle v. City of Pell City*,
866 F.3d 1280, 1288 (11th Cir. 2017) ....................................11

*Brungart v. BellSouth Telecomms., Inc.*,
231 F.3d 791, 799 (11ᵗʰ Cir. 2000) ........................................46

*Bryant v. Jones*,
575 F.3d 1281, 1308 (11th Cir. 2009) ....................................30

*Clark Cnty. Sch. Dist. v. Breeden*,
532 U.S. 268, 272 (2001)......................................................39

*Clover v. Total Sys. Servs., Inc.*,
176 F.3d 1346, 1354 (11th Cir. 1999) ....................................40

*Davis v. Coca cola Bottling Co. Consol.*,
516 F.3d 955, 972-73 (11th Cir. 2008) ..................................24

*Drago v. Jenne*,
453 F.3d 1301, 1308 (11th Cir. 2006) .................................. 39, 47

*Ervin v. Sprint Communications Co. LP*,
364 Fed. Appx. 114, 115 (5th Cir. 2010)................................19

*Farley v. Nationwide Mut. Ins. Co.*,
197 F.3d 1322, 1337 (11th Cir. 1999) ....................................40

*Hill v. SunTrust Bank*,
720 Fed. Appx. 602, 606 (11th Cir. 2018)..............................33

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

*Hulbert v. St. Mary's Health Care System, Inc*.,
439 F.3d 1286, 1299 (11th Cir. 2006) ..................................................48

*Key v. Cent. Ga. Kidney Specialists, P.C*.,
No. 19-00253, 2020 WL 7053293 (M.D. Ga., Oct. 28, 2020) ................37

*Ledford v. Peeples*,
657 F.3d 1222, 1258 (11th Cir. 2011) ..................................................34

*Lewis v. City of Union City, Georgia*,
934 F.3d 1169, 1185 (11th Cir. 2019) ..................................................36

*McCall v. Crosthwait*,
336 F. App'x 871, 873 (11th Cir. 2009) ................................................24

*Mohammad v. Jacksonville Hospitalists, P.A*.,
712 F. App'x 872, 880 (11th Cir. 2017) ................................................37

*MS Life Ins. Co. v. Barfield*,
203 F. App'x 306, 307 (11th Cir. 2006) ................................................24

*Onishea v. Hopper*,
171 F.3d 1289, 1304 (11th Cir. 1999) ..................................................31

*OPIS Mgmt. Res., LLC v. Sec'y, Fla. Agency for Health Care Admin*.,
713 F.3d 1291, 1298 (11th Cir. 2013) ..................................................32

*Resolution Trust Corp. v. Dunmar Corp*.,
43 F.3d 587, 598 (11th Cir. 1995) .......................................................31

*Ruckh v. Salus Rehab., LLC*,
963 F.3d 1089, 1111 (11th Cir. 2020) ..................................................33

*Saffold v. Special Counsel, Inc.*,
147 Fed. Appx. 949, 951 (11th Cir. 2005) .............................................39

*Salem v. City of Port St. Lucie*,
788 Fed. Appx. 692, 696 (11th Cir. 2019) ....................................... 46, 47

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

*Sapuppo v. Allstate Floridian Ins. Co.*,
739 F. 3d 678 (11th Cir. 2014) ...................................................................43

*Singh v. US Atty. Gen.*,
561 F. 3d 1275 (11th Cir. 2009) ...............................................................43

*Slater v. Energy Servs. Grp. Intern. Inc.*,
441 Fed. Appx. 637, 642 (11th Cir. 2011)...............................................40

*Smith v. Sunbelt Rentals, Inc.*,
356 Fed. Appx. 272 (11th Cir. 2009)............................................... 31, 32

*Solutia, Inc. v. McWane, Inc.*,
672 F.3d 1230, 1239 (11th Cir. 2012) ....................................................31

*Stephens v. Mid–Continent Cas. Co.*,
749 F.3d 1318, 1321 (11th Cir. 2014) ....................................................11

*Strickland v. Water Works & Sewer Bd. of City of Birmingham*,
239 F.3d 1199, 1207 (11th Cir. 2001) ....................................................45

*Tebo v. City of DeBary, Fla.*,
784 Fed. Appx. 727, 731 (11th Cir. 2019)...............................................40

*Thomas v. Cooper Lightning, Inc.*,
506 F.3d 1361, 1364 (11th Cir. 2007) ....................................................40

*U.S. v. Corbett*,
921 F.3d 1032 (11th Cir. 2019) ...............................................................31

*U.S. v. Massey*,
443 F.3d 814 , 819 (11th Cir. 2006) ........................................................31

*United States v. Curtis*,
380 F.3d 1308, 1310 (11th Cir. 2004) ....................................................24

*Winborn v. Supreme Bev. Co.*,
572 F. App'x 672, 675 (11th Cir. 2014) ..................................................18

21-13202-J
*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

## RULES

11th Cir. R. 25-3(a) ................................................................................53

11th Cir. R. 26.1-1 through 26.1-3............................................................ i

Fed. R. App. P. 28(a)(8).........................................................................43

Fed. R. App. P. 26.1 ............................................................................... i

21-13202-J

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

## **PREFACE REGARDING RECORD CITATIONS**

Citations to record evidence are set out in parenthesis and first cite the District Court document number, and page number (using the District Court file-stamp page number in the header of the document), then cite to the appellate appendix volume number and page number (using the appellate court file-stamp page number in the header), and appear as follows:

> (ECF [District Court docket number]:[District Court file-stamp page number] / A[appendix volume number]:[appellate court file-stamp page number]).

Citations to the document contained in Appellees' Supplemental Appendix follows a similar structure, and appears as follows:

> (ECF 98:[District Court file-stamp page number] / SA: [appellate court file-stamp page number]).

Citations to Appellant's Brief are also in parenthesis, and abbreviate Appellant's Brief as "AB", which is followed by a colon, and then the cited page number or range (using the appellate court file-stamp page number in the header), and appear as follows:

> (AB, p. [appellate court file-stamp page number]).

21-13202-J

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

## **STATEMENT OF THE ISSUES**

1.      Whether Dr. Sara Daneshpajouh ("Appellant") waived each and every argument she asserts on appeal because (1) the District Court correctly ruled that Appellees' Motion for Summary Judgment was effectively unopposed and Appellees' proffered statement of material facts were admitted; (2) Appellant has not challenged that ruling thereby forfeiting the right to argue from an alternative set of facts; and (3) Appellant failed to raise the sole issue she asserts on appeal -- her newly concocted "Rescission Theory" – in the District Court.

2.      Whether the District Court properly granted summary judgment based on the undisputed factual record presented to the district court.

1

21-13202-J

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

## STATEMENT OF THE CASE

## I.    NATURE OF THE CASE

This is a labor and employment case involving claims of employment discrimination and retaliation, as to which the District Court held the employer (and related entities) were entitled to summary judgment.

## II.    COURSE OF PROCEEDINGS AND DISPOSITION IN DISTRICT COURT

Appellant submitted a Charge of Discrimination, dated November 9, 2018, to the EEOC and Florida Commission on Human Rights, alleging discrimination and retaliation by only one of Appellees: "Sage Dental Management, LLC".  (ECF 58:15:2 / A3:21).  Subsequently, on October 30, 2019, Appellant filed suit in the District Court against all three Appellees (ECF 1 / A1:25), which she amended on January 28, 2020 (ECF 24 / A1:58).  In response, Appellees filed their Answer and Affirmative Defenses on February 11, 2020 (ECF 25 / A1:74).

On December 29, 2020, Appellees filed a Motion for Summary Judgment (ECF 56 / A2:88), supported by a Statement of Undisputed Material Facts ("Sage Dental's SOF") (ECF 57 / A1:111) and index of exhibits supporting same (ECF 58 / A1:123).

On March 15, 2021, Appellant filed her Response in Opposition to Summary Judgment (ECF 98 / SA:4), and her Response in Opposition to Sage Dental's SOF

21-13202-J

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

(ECF 97 / A4:57), which was supported by her index of supporting exhibits previously filed on January 22, 2021 (ECF 64 / A3:39)[1].

Thereafter, Appellees filed a Reply In Support of Defendants' Motion for Summary Judgment and a response to Appellant's SOF (ECF 103 / A4:82); (ECF 104 / A4:99).

On August 18, 2021, the District Court granted Appellees' Motion for Summary Judgment (the "Order") (ECF 114 / A4:110) and entered "Final Judgment" on August 18, 2021 (ECF 115 / A5:150).

## III.   STATEMENT OF FACTS

As the District Court properly found, the undisputed material facts of this case prove that summary judgment is appropriate on all of Appellant's claims. That is because there is no dispute that the decision to terminate Appellant's employment due to ongoing performance issues was made **before** Appellant (1) informed Sage Dental management she was pregnant, (2) allegedly complained of

---

[1] Appellant's index of exhibits was filed prior to her operative opposition to Sage Dental's SOF because Appellant initially responded in opposition to the motion for summary judgment on and Sage Dental's SOF on January 21 and 22, 2021, *see* (A1:17), at which time Appellant also filed her index of exhibits (ECF 64 / A3:39), but Appellant was permitted to subsequently amend her responses in opposition to summary judgment and Sage Dental's SOF, and those amended responses (ECF ECF 97-98 / A4:57; SA:4) were the operative responses the District Court considered in ruling on the summary judgment motion. *See* (ECF 114:2,16,38 / A4:111,125,147) (District Court citing to ECF No. 97 and 98, and stating it considered Appellant's amended response in its entirety).

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

a purported HIPAA violation and (3) required pregnancy-related surgery that necessitated the leave she was granted without issue by Sage Dental. These undisputed material facts were conceded by Appellant and are summarized on the following timeline:



Since Sage Dental had decided to terminate Plaintiff for non-discriminatory performance issues **before** she informed them that she was pregnant, requested FMLA leave, or complained about supposed HIPAA violations, each and every one of her claims fails as a matter of law.

On or about October 17, 2012, Appellant accepted a general dentist position with Sage Dental[2] and, in connection therewith, signed a Dentist Employment Agreement ("Employment Agreement"). (ECF 57:2 / A1:112); (ECF 97:1 /

_____

[2] Following an ownership change, Gentle Dental of Pompano Beach, P.A. was renamed Sage Dental of Pompano Beach, P.A. (ECF 57:2 / A1:112).

21-13202-J

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

A4:57)[3].   Appellant reported to Dr. Antonio Cruz for most of her employment. (ECF 57:3 / A1:113); (ECF 97:3 / A4:59).   Under Dr. Cruz's supervision, Appellant was repeatedly counseled about her poor performance with respect to various metrics Sage Dental used to evaluate its general dentists.  (ECF 57:5-6 / A1:115-116); (ECF 97:3 / A4:59).  For example, on March 21, 2014, after another employee complained that Appellant had created a hostile work environment for her, Dr. Cruz counseled Appellant about her lack of leadership skills and the importance of those skills in interacting with her staff and patients.  (ECF 57:5-6 / A1:115-116); (ECF 97:4 / A4:60).  Specifically, Appellant was warned that her "negative responses/actions can translate into negative staff morale, a bad patient experience and a decrease in the perception of quality of care." *Id*. Dr. Cruz met with Appellant again on December 9, 2015 regarding her interactions with her staff and her patients, again reminding her that her "position as the main doctor in the office is pivotal in setting the tone for a respectful, productive and professional environment."  (ECF 57:6 / A1:116); (ECF 97:4 / A4:60). At that time, Appellant agreed "to be more aware of her interactions with patients and staff in an effort to

---

[3] All of Appellees' facts as set forth in Defendants' Statement of Undisputed Facts in Support of Summary Judgement (ECF 57 / A1:111) were (1) conceded by Appellant in her Responses in Opposition to Defendant's Statement of Undisputed Facts in Support of Summary Judgment (ECF 97 / A4:57) or (2) deemed admitted by the District Court (ECF 114:4 / A4:158).

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

minimize dissatisfaction and to foster a more positive working environment." *Id*. Unfortunately, she was not.

Appellant's ongoing interpersonal issues were not limited to employees and patients. (ECF 57:3-5 / A1:113-115); (ECF 97:3 / A4:59). For example, one of the laboratories that Sage Dental uses to process impressions ***fired Appellant as a client*** because of the way in which she treated the laboratory's employees. (ECF 57:3-4 / A1:113-114); (ECF 97:3 / A4:59). Dr. Cruz, who has been in practice for decades and is the son of two dentists, testified that he has never seen a laboratory fire a dentist, except for Plaintiff. *Id*.

In addition to Appellant's ongoing interpersonal issues, there were deficiencies relative to her clinical performance. (ECF 57:5-6 / A1:115-116); (ECF 97:4 / A4:60). For example, on December 9, 2015, Dr. Cruz counseled Appellant about her clinical decision-making, using as an example an online review she had received complaining that Appellant had spent five minutes with a patient and, after five minutes, planned $21,000 in treatment for the patient. (ECF 57: 6 / A1: 116); (ECF 97:4 / A4:60). At that time, Dr. Cruz asked Appellant to "slow down when [she was] treatment planning and making decisions and to spend more time with [her] patients." *Id*. Unfortunately, Plaintiff did not.

In early 2017, due to a shuffling of corporate responsibilities, Dr. Miguel Montilla became Appellant's supervisor, though Dr. Cruz remained responsible for

21-13202-J

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

other offices and also participated in employment decisions regarding dentists. (ECF 57:3 / A1:113); (ECF 97:3 / A4:59).   Despite a change in supervision, Appellant's ongoing performance issues continued.  (ECF 57:4-5,7 / A1:114-115, 117); (ECF 97:3-4 / A4:59-60).  In that regard, Dr. Montilla counseled Appellant about her interpersonal interactions with staff and others and being overly aggressive with patients in recommending treatment plans worth thousands of dollars after spending just minutes evaluating them.  (ECF 57:4 / A1:114); ECF 97:3 / A4:59).   Dr. Montilla also counseled Appellant that, as a result of her performance deficiencies, new patients frequently did not return after their initial visit.  *Id.*  As a result, the Pompano office was in shambles—it had a year-over-year loss of 25.5% between 2016 and 2017.  (ECF 57:6 / A1:116); (ECF 97:4 / A4:60).

Sage Dental wanted Appellant to succeed.   Accordingly, Appellant was repeatedly coached about her treatment of people—patients and colleagues alike—without result.  (ECF 57:5-7 / A1:115-117); (ECF 97:4 / A4:60). Written discipline was equally ineffective. (ECF 57:5-6 / A1:115-116); (ECF 97:4 / A4:60). Sage Dental persisted, even allowing Appellant privileges, like the opportunity to work on more patients simultaneously, which were not extended to other dentists.  (ECF 57:6 / A1:116); (ECF 97:4 / A4:60).  Sage Dental made these efforts in the vain hope that Appellant would change.  (ECF 57:5 / A1:115); (ECF 97:3 / A4:59).

7

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

But Appellant did not improve.  By the summer of 2017, the recommendation was made that Appellant be terminated.  (ECF 57:7 / A1:117); (ECF 97:4 / A4:60).  By October 3, 2017, the decision to terminate Appellant had been made and Sage Dental was in the process of searching for Appellant's replacement.  (ECF 57:7 / A1:117); (ECF 97:4 / A4:60).  By October 17, 2017, Sage Dental had hired Appellant's replacement – Dr. Lisa Ma, who was scheduled to start in the Pompano office on November 13, 2017.  (ECF 57:7 / A1:117); (ECF 97:5 / A4:61).  At that point, Sage Dental was prepared to move forward with the termination of Appellant.  (ECF 57:7-8 / A1:117-118); (ECF 97:5 / A4:61).

On October 18, 2017, Dr. Montilla met with Appellant to terminate her employment and to present her with a signed termination letter from Sage Dental.  (ECF 57:8 / A1:118); (ECF 97:5 / A4:61). Before Dr. Montilla was able to communicate the termination decision to Appellant, she informed him for the first time that she was pregnant.  (ECF 57:8 / A1:118); (ECF 97:5 / A4:61).  As a result, Dr. Montilla who had not been aware that Appellant was pregnant, did not communicate the termination decision to Appellant.  *Id*.

On October 19, 2017, Dr. Montilla recommended that Sage Dental transfer Plaintiff to Parkland in lieu of terminating her employment.  (ECF 57:8 / A1:118); (ECF 97:5 / A4:61).  When asked why he was suggesting a change to the plan to terminate Appellant's employment, Dr. Montilla explained that Appellant

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

"informed [him] yesterday that she was pregnant."  (ECF 57:8 / A1:118); (ECF 97:5 / A4:61).

Approximately a week later, on October 27, Appellant went to the hospital for emergency surgery related to her pregnancy.  (ECF 57:8 / A1:118); (ECF 97:5 / A4:61).  To have and recover from the surgery, Appellant requested and was granted time off through November 3, 2017.  (ECF 57:8 / A1:118); (ECF 97:5 / A4:61). Following her leave, Appellant was returned to her general dentist position.  *Id*.

On November 6, 2017, Sage Dental proceeded with its plan to remove Appellant from the Pompano office.  (ECF 57:8 / A1:118); (ECF 97:5 / A4:61). However, as a final gesture of good will and as recommended by Dr. Montilla, Sage Dental offered to transfer her to the Parkland office at the same rate of pay and benefits, rather than terminate her.  (ECF 57:8 / A1:118); (ECF 97:5 / A4:61). Appellant claims that she accepted the transfer subject to certain guarantees, including a three-month income guarantee.  (ECF 57:9 / A1:119); (ECF 97:5 / A4:61). The parties, however, did not come to terms on the transfer.  (ECF 57:9-10 / A1:119-120); (ECF 97:6 / A4:62).  As a result, Appellant did not transfer to Parkland and Sage Dental gave Appellant 90-days' notice of termination as required in her Employment Agreement. (ECF 57:8-9 / A1:118-119); (ECF 97:5-6 / A4:61-62).

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

In contemporaneous correspondence, Appellant told colleagues that she was fired for economic reasons. (ECF 57:9 / A1:119); (ECF 97:6 / A4:62). Nevertheless, she pledged to get revenge for her termination: "I'm still going to sue them and blame it on the pregnancy. Their timing was fuc**** awful." (ECF 57:9 / A1:119); (ECF 97:6 / A4:62).

Appellant made good on her threat. On October 30, 2019, after filing a Charge of Discrimination with the Equal Employment Opportunity Commission, Appellant initiated the instant lawsuit, asserting claims of pregnancy discrimination and retaliation, interference and retaliation under the FMLA, and a violation of the Florida Whistleblower Act.

Following discovery, Appellees moved for and were granted summary judgment on all of Appellant's claims on the grounds that the undisputed facts of the case established that the decision to terminate Appellant's employment due to ongoing performance issues was made **before** Appellant (1) informed Sage Dental management she was pregnant, (2) allegedly complained of a purported HIPAA violation and (3) required pregnancy-related surgery that necessitated the leave she was granted without issue by Sage Dental. Importantly, all of the facts in Appellees' Statement of Undisputed Material Facts were either conceded by Appellant or deemed admitted by the District Court because Appellant failed to comply with the applicable rules of procedure when responding to the Statement of

21-13202-J

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

Facts: "Plaintiff's failure to comply with the Local Rules essentially leaves the Court with the functional analog of an unopposed motion for summary judgment. Thus, the Court deems admitted the facts submitted by Defendants that Plaintiff failed to properly rebut." (ECF 114:4 / A4:113). The Court further found that Appellant failed to offer facts to support that Sage Dental's legitimate, non-discriminatory reasons for terminating her – her ongoing performance issues -- were pretext for unlawful discrimination or retaliation. This appeal followed.

## IV.    STATEMENT OF STANDARD OF REVIEW

This Court "review[s] a District Court's grant of summary judgment de novo, viewing all the evidence, and drawing all reasonable factual inferences, in favor of the nonmoving party." *Stephens v. Mid–Continent Cas. Co.*, 749 F.3d 1318, 1321 (11th Cir. 2014). "Summary judgment is appropriate when the movant demonstrates that there is no genuine issue of material fact and it is entitled to judgment as a matter of law." *Boyle v. City of Pell City*, 866 F.3d 1280, 1288 (11th Cir. 2017). "Once the movant submits a properly supported motion for summary judgment, the burden shifts to the nonmoving party to show that specific facts exist that raise a genuine issue for trial." *Id*. (internal quotation omitted). "If the nonmoving party presents evidence that is 'merely colorable' or 'not significantly probative,' summary judgment is appropriate. *Id*. (internal quotation omitted).

11

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

21-13202-J

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

## SUMMARY OF THE ARGUMENT

Appellant's arguments seek an improper second bite at the proverbial apple. The District Court correctly concluded that Appellant's failure to comply with the Local Rules rendered Appellees' summary judgment effectively unopposed. the material facts admitted—including facts that she now challenges as the premise of her novel legal arguments. This dooms her appeal for two reasons. First, once the relevant facts were deemed admitted, the Motion for Summary Judgment was treated as an unopposed motion. As such, the Court cannot now consider the legal arguments advanced for the first time on appeal. Review is limited to whether Appellees met the burden of establishing the absence of a genuine issue of material fact (and they did). Moreover, Appellant wholly ignores the District Court's finding that the relevant facts have already been deemed admitted. Since she does not dispute that finding, her legal arguments which are premised on facts contrary to those already admitted, must be waived.

The District Court properly granted Appellees' Motion for Summary Judgment on the grounds that the undisputed facts of this case established that the decision to terminate Appellant's employment due to ongoing performance issues was made **before** Appellant (1) informed Sage Dental management she was pregnant, (2) allegedly complained of a purported HIPAA violation and (3)

21-13202-J

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

required pregnancy-related surgery that necessitated the leave she was granted without issue by Sage Dental.

Unable to escape this timeline, Appellant has manufactured new facts and a wholly new argument never before presented in this litigation – namely, that Appellees' "rescinded" the decision to terminate her on October 18, 2017 and that, as a result, the District Court erred in failing to limit its consideration to evidence related to Appellant's performance deficiencies after October 18, 2017. This new argument is the only issue Appellant raises in her appeal, duplicated for each of her claims.

Appellant has waived this new argument by not raising it with the District Court.[4] Appellant is further confined by the District Court's ruling that Appellees' Motion for Summary Judgment was effectively unopposed, given by Appellees' Statement of Undisputed Material Facts, all of which Appellant conceded or were deemed admitted by the District Court due to Appellant's failure to properly refute them with record evidence.[5]

Those undisputed, material facts establish:

---

[4] Notably, Appellant seeks to conceal that she did not raise this issue at the District Court by excluding from her Appendix Plaintiff's Amended Response in Opposition to Defendants' Motion for Summary Judgment (ECF 98 / SA:4).

[5] The District Court found Appellant's failure to comply with the applicable rules of civil procedure left it to consider the "functional analog of an unopposed motion for summary judgment." (ECF114:4 / A4:113). Appellant did not appeal this ruling, as such it is undisturbed.

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

- Appellant's history of performance issues relating to her metrics, her interpersonal interactions with staff and her patients and her clinical decision making.

- The poor performance of the Pompano office for which Appellant was the main dentist, which included a 25% year-over-year loss in revenue as of September 2017.

- Appellant's supervisor began advocating for Appellant's termination "around the summer of 2017."

- By October 17, 2017, the decision to terminate Appellant had been made and Appellant's replacement in the Pompano office had been hired.

- On October 18, 2017, Appellant's supervisor met with her to terminate her employment and to present her with a signed termination letter from Sage Dental.

- Before her supervisor was able to communicate the termination decision to Appellant, she informed him for the first time that she was pregnant.

- Appellant's supervisor did not communicate the termination decision to her on October 18 as planned.

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

- On November 6, 2017, Sage Dental proceeded with its plan to remove Appellant from the Pompano office.

- As a final gesture of good will, Sage Dental offered to transfer Appellant to the Parkland office at the same rate of pay and benefits, rather than terminate her.

- The parties could not agree on the terms of a transfer and Sage Dental proceeded to give Appellant notice of termination on November 9, 2017 and, following the 90-day notice period, her employment with Sage Dental ended on February 7, 2017.

Not only is Appellant's new argument waived as a matter of law and not supported by the undisputed record facts set forth above, it is absurd. Appellant appears to argue that Appellees made the decision to terminate her employment for performance issues on or before October 17, 2017. But, because Appellees did not immediately effectuate the termination, Appellees were required to present **new** evidence of **new** performance deficiencies before it could legally terminate her for performance deficiencies on November 9, 2017.

Again, Appellant's manufactured facts and ever-shifting arguments are stymied by a simple timeline. Specifically, even if you were to accept that Sage Dental "rescinded" its termination decision on October 18, 2017, which it did not, Sage Dental did not "rescind" its decision to remove Appellant from the Pompano

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

office due to ongoing performance issues and, in fact, followed through with that decision on November 6, 2017. In lieu of termination, Sage Dental offered Appellant a transfer on November 6, 2017 ***after*** Appellant (1) informed Sage Dental management that she was pregnant; (2) allegedly complained of a purported HIPAA violation and (3) required pregnancy-related surgery that necessitated the leave she was granted without issue by Sage Dental. This timeline refutes any implication that Sage Dental acted based on discriminatory or retaliatory motives, given that it could have simply terminated her on November 6 with no offer of transfer. Sage Dental resorted to termination, as originally planned, only after Appellant demanded compensation guarantees related to its offer of transfer.

Appellant raises no other issues with the District Court's Order Granting Defendants' Motion for Summary Judgment. *See, generally,* AB. Therefore, for all the reasons set forth in the District Court's well-reasoned Order Granting Defendants' Motion For Summary Judgment (ECF 114 / A4:110), Appellees were and are entitled to summary judgment on all of Appellant's claims and the District Court's Order should be affirmed.

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

## <u>ARGUMENT AND CITATIONS TO AUTHORITY</u>

## I. APPELLANT WAIVED EACH AND EVERY ARGUMENT MADE ON APPEAL

Appellant's appeal can be summarily discarded based on well-settled waiver principles.  Indeed, for any of three reasons, Appellant's arguments have been forfeited:  (1) the District Court correctly ruled that Appellees' Motion for Summary Judgment was effectively unopposed; (2) Appellant has not challenged that ruling thereby waiving the right to argue from an alternative set of facts – indeed, this Court's review of the record below is limited to those facts deemed admitted and (3) Appellant's novel "rescission" argument was not presented to the District Court and she cannot raise it for the first time to this Court.

### A. <u>The District Court Correctly Ruled That Appellees' Motion for Summary Judgment Was Effectively Unopposed.</u>

Appellant failed to properly contest Appellees' Statement of Undisputed Material Facts.  (ECF 114:4 / A4:113).  As a result, the District Court concluded that **"Plaintiff's failure to comply with the Local Rules leaves the Court with the functional analog of an unopposed motion for summary judgment."**  *Id*. (emphasis added).  Because Appellant failed to properly oppose Appellees' Motion for Summary Judgment, she waived her opportunity to offer evidence or legal argument in opposition to summary judgment.  *See Winborn v. Supreme Bev. Co.*, 572 F. App'x 672, 675 (11th Cir. 2014) ("We reject [appellant]'s challenge to the

21-13202-J

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

district court's ruling on [appellee's] motion to strike because [appellant] filed no

opposition to the motion in the district court."); *Ervin v. Sprint Communications Co. LP*, 364 Fed. Appx. 114, 115 (5th Cir. 2010)("Under this Circuit's precedent, [Appellant's] failure to respond to the summary judgment motion effectively waives his opportunity to offer evidence or legal argument in opposition to summary judgment."). If a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be raised on review. Ervin, 364 Fed. Appx. at 115. In such circumstances, an appellate court's de novo review is limited to whether the movant met the burden of establishing the absence of a genuine issue of material fact." Id. Here, Appellant did not challenge the District Court's finding that Appellees' Motion for Summary Judgment was effectively unopposed. Accordingly, the Court need not address any of Plaintiff's legal arguments. It should instead affirm the District Court's decision granting summary judgment in favor of Appellee.

**B.** **Because Appellant has not challenged that ruling thereby waiving the right to argue from an alternative set of facts – this Court's review is limited to the record facts as found by the District Court.**

After finding Appellees' Motion for Summary Judgment to be "the functional analog of an unopposed motion for summary judgment," the District Court properly went on to review Appellees' "citations to the record to determine

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

if there [was], indeed, no genuine issue of material fact" and addressed the merits of Appellees' Motion for Summary Judgment to determine whether Appellees were entitled to summary judgment. (ECF 114:4 / A4:113).

As a first step, the District Court reviewed the undisputed material facts on which Appellees' Motion for Summary Judgment was based and determined they were all admitted by Appellant or deemed admitted by the Court. Specifically, Appellant admitted the following paragraphs of Appellees' Statement of Facts: 1-4, 7-12, 20, 21, 22 (in part),[6] 24, 27 (in part),[7] 30-31, 33-36, 39, 41, 43, 45 - 46 (in part),[8] 48-50, and 52. *Compare* ECF 57 / A1:111, ECF63 / A3:23 and ECF97 / A4:57. In addition to the facts Appellant did not dispute, the District Court deemed the remaining paragraphs of Appellees' Statement of Facts admitted due to

---

[6] Notably, Appellant did not dispute that Dr. Montilla had talked with her about the poor hygiene numbers, that patients sought refunds for work that she performed, that she was involved in a tooth extraction that resulted in a malpractice claim or that a patient complained that she had "trauma," experienced a meltdown and ended up in the hospital after dealing with Appellant; rather, her only "dispute" was that she had not been "counseled" about her own personal performance (See ECF 97:3 / A4:59) – which she concedes to be false in the four paragraphs that followed (Id. at A4:60).

[7] Appellant concedes that "As of September 2017, the Pompano practice revenues were at a significant deficit as compared to 2016 revenues – a year-over-year loss of 25%" but, despite this fact, denies the characterization that the "Pompano practice revenues were in free fall." (ECF 97:4 / A4:60).

[8] Appellant conceded that she agreed to transfer and requested a three-month guarantee of income (ECF 97:4 / A4:60) but disputed Appellees' fact that stated "Plaintiff alleges that she required a 3-month guarantee of income but was willing to transfer" (ECF 57:9 / A1:119).

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

Appellant's failure to properly refute them. *See* ECF 114:4 / A4:113 ("Accordingly, to the extent [Appellees'] factual allegations are properly supported by the record, the Court deems the following paragraphs of their Statement of Facts admitted: 5, 6, 13-19, 23, 25-26, 28-29, 32, 37-38, 40, 42, 44, 47, 51.")

Thus, the undisputed factual record reveals the following facts on which the District Court relied in granting summary judgment:

- Appellant had previously taken FMLA during her employment with Sage Dental and was not subject to any adverse employment against base on her request for and use of FMLA leave in 2015. (ECF 57:3 / A1:113).

- Appellant drove other employees out of the organization, patients did not return or did not accept her treatment plans, a laboratory fired her as a client because of how she treated its employee; patients sought refunds for work that she performed, her work resulted in malpractice claims and one client indicated she suffered trauma, a meltdown and ended up in the hospital after dealing with Appellant. (ECF 57:3-4 / A1:113-114), 22; (ECF 114:4 / A4:113).

- Appellant "was divisive," she "wasn't a team player," and "[s]he was abrasive with staff, she was abrasive with patients. Appellant "[n]ever, ever took any responsibility for anything, zero." After many

21

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

unsuccessful attempts at coaching, Sage Dental was left without any other option except to terminate her.  (ECF 57:7 / A1:117); (ECF 114:4 / A4:113).

- Appellant was counseled about her poor performance with respect to various metrics Sage Dental used to evaluate its general dentists, her interactions with her staff and her patients, and her clinical decision-making. (ECF 57:5-6 / A1:115-116); (ECF 97:4 / A4:60); (ECF 114:4 / A4:113).

- Among the 11 dentists Appellant believes are her comparators, Appellant's burn rate (meaning, people who did not return after their first visit) (64.2%) was the second worst, her patient retention rate (66.1%) was the worst, and her treatment acceptance rate (84.2% was also the worst. (ECF 57:6 / A1:116); (ECF 114:4 / A4:113).

- As of September 2017, the Pompano practice revenues were at a significant deficit as compared to 2016, it had a year-over-year loss of 25%. (ECF 57:3,6 / A1:113,116); (ECF 97:4 / A4:60); (ECF 114:4 / A4:113).

- By October 5, 2017, Sage Dental had recruited and hired Appellant's replacement in Pompano and intended to communicate to Appellant

21-13202-J

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

the decision to terminate her employment on October 18, 2017.  (ECF 57:7-8 / A1:117-118); (ECF 97:5 / A4:61).

- On October 18, 2017, Dr. Montilla met with Plaintiff to terminate her employment and to present her with a signed termination letter from Sage Dental.  (ECF 57:8 / A1:118); (ECF 114:4 / A4:113).

- Before Dr. Montilla was able to communicate the termination decision to Appellant, she informed him for the first time that she was pregnant.  (ECF 57:8 / A1:118); (ECF 114:4 / A4:113).

- On November 6, 2017, Sage Dental proceeded with its plan to remove Appellant from the Pompano office.  However, as a final gesture of good will and as recommended by Dr. Montilla, Sage Dental offered to transfer Appellant to the Parkland office at the same rate of pay and benefits, rather than terminate her. (ECF 57:8 / A1:118); (ECF 114:4 / A4:113).

- The parties could not agree on the terms of a transfer and Sage Dental proceeded to give Appellant notice of termination on November 9, 2017 and, following the 90-day notice period, her employment with Sage Dental ended on February 7, 2017.  (ECF 57:9 / A1:119); (ECF 97:15 / A4:71).

21-13202-J

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

Appellant has not appealed the District Courts ruling that Appellees' facts were deemed admitted. *See, generally,* AB. It is fundamental that issues not argued on appeal are deemed waived. *MS Life Ins. Co. v. Barfield*, 203 F. App'x 306, 307 (11th Cir. 2006) (citing *United States v. Curtis*, 380 F.3d 1308, 1310 (11th Cir. 2004) ("discussing longstanding rule in this circuit that issues not raised in a party's initial brief on appeal are deemed waived"), *cert denied* 126 S. Ct. 418 (2005). *See also Davis v. Coca cola Bottling Co. Consol.*, 516 F.3d 955, 972-73 (11th Cir. 2008) ("It is well settled in this circuit that an argument not included in the appellant's opening brief is deemed abandoned."); *McCall v. Crosthwait*, 336 F. App'x 871, 873 (11th Cir. 2009) (same).

Yet, Appellant's legal arguments are premised on a different set of "facts": namely, that Sage Dental decided to terminate her in October 2017, but then on October 18, 2017 "reversed that decision and decided to retain [and] transfer" her, only to then, on November 9, 2017 "decide to once again terminate her." AB, p. 31. This "fact" is directly contradicted by the undisputed fact that Sage Dental proceeded with its initial plan to terminate Appellant in November 2017—in other words, there was no rescission of the decision to terminate her. (ECF 57:8 / A1:118); (ECF 114:4 / A4:113). Since Appellant has not challenged the District Court's finding regarding the undisputed facts, she cannot merely cast those facts aside to make her new legal argument. Since her entire appeal "centers on" an

24

21-13202-J

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

issue that she has not preserved—whether the "initial decision to terminate" was rescinded—her appeal must fail.  AB, p. 23.

For this reason alone, the Court should reject Appellant's challenge and affirm the District Court's decision granting summary judgment in favor of Appellee.

**C.** **Appellant's Newly Concocted "Rescission Theory" Was Not Presented to the District Court and, Therefore, Has Been Waived.**

**1.** **Appellant's District Court Argument: the decision to terminate was not made until November 2017.**

Appellant argued to the District Court that summary judgment on each of her claims was inappropriate ***because the decision to terminate her employment was not made until November 2017***, after she (1) informed Sage Dental management that she was pregnant; (2) allegedly complained of a purported HIPAA violation and (3) required pregnancy-related surgery that necessitated the leave she was granted without issue by Sage Dental.  *See* (ECF 98:10 / SA:13) (arguing that Appellees' position that Sage Dental intended to terminate her and began looking for her replacement prior to October 3, 2017 was "factually inaccurate"); *Id.* (asserting that **"it could not be clearer from the evidence that [] a decision to terminate had yet to be made by [Sage Dental] in October 2017")**(emphasis added); (ECF 98:12 / SA:15) (arguing that "[Sage Dental's]

25

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

timeline is incorrect . . . . **the decision to terminate [Appellant] was made after October 2017[,]** [t]herefore any argument that [Sage Dental] had already decided to terminate [Appellant] prior to her engaging in protected activity is outright false.")(emphasis added); (ECF 98:14 / SA:17) (arguing that Sage Dental's reasons for termination were "all pretextual as noted herein," thereby incorporating by reference her prior arguments that Sage Dental did not make the decision to terminate Appellant until November 2017);  (ECF 98:15-16 / SA:18-19) (asserting that she complained about HIPAA violations on October 5, 2017,[9] and that Sage Dental's assertion that it had already made the decision to terminate her "is untrue" because **Sage Dental "did not make the decision to terminate [Appellant] until November 2017**, after [Appellant] complained about the HIPAA and other violations")(emphasis added).

There is no dispute that Appellant's entire opposition to summary judgment at the District Court was premised on her assertion that Sage Dental did not decide to terminate Appellant until November 2017.

> **2. Appellant's Appellate Argument:  the decision to terminate was made on October 17, 2017, rescinded and made again on November 9, 2017 ("Rescission Theory").**

---

[9] *See* (ECF 98:15 / SA:18) (stating she was terminated "thirty-five days after complaining about HIPAA violations)

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

On appeal, Appellant abandons her argument to the District Court that Sage Dental did not decide to terminate Appellant until November 2017 and now asserts (for the first time) that Sage Dental made the decision to terminate her in October 2017, but then on October 18, 2017 "reversed that decision and decided to retain [and] transfer" her, only to then, on November 9, 2017 "decide to once again terminate her."[10]  AB, p. 31.

All of Appellant's appellate arguments are premised on this new theory and unsupported fact. *See* AB, p. 23 (stating appeal "centers on" issue of the "initial decision to terminate" being "rescinded"); AB, p. 31 (arguing in support of her pregnancy discrimination that Sage Dental "reversed" the decision to terminate Appellant and "decided to retain" her); AB, pp. 32, 38 (arguing that the District Court erred in relying on fact that decision to terminate was made prior to learning of her pregnancy, because "that decision had been rescinded"); AB, p. 37 (arguing in support of her pregnancy retaliation claim that "Sage Dental decided to fire [Appellant] in October 2017 and then explicitly reversed that decision the next

---

[10] Notably, Appellant can point to no record evidence that "on October 18, 2017, [Sage Dental] reversed [the decision October 2017 decision to terminate Appellant] and decided to retain [and] transfer" her, only to then, on November 9, 2017 "decided to once again terminate her."  Rather, the undisputed record fact is that "On November 6, 2017, Sage Dental proceeded with its plan to remove Plaintiff from the Pompano office" and, "as a final gesture of good will … offered to transfer her to the Parkland office at the same rate of pay and benefits, rather than terminate her."  (ECF 57:8 / A1:118); (ECF 114:4 / A4:113).

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

day", and further asserting that nothing occurred between October 18, 2017 and November 9, 2017 "to justify . . . Sage Dental's change in position and revert back to its October 17, 2017, posture"); AB, pp. 41-42 ("Sage Dental's decision to fire Appellant in October – weeks before she took her leave – does not end the pretext analysis because Sage Dental also decided to reverse that decision and not fire her."); AB, pp. 43-44 ("The District Court held that Dr. Daneshajouh's FWA claim failed [because] . . . Sage Dental had already 'contemplated terminating" Appellant . . . .[h]owever, as detailed above . . . Sage Dental also reversed that decision . . .").

### 3.   Appellant's New Rescission Theory was Not Preserved for Appeal.

Appellant's new theory is not merely semantics, but rather argues an entirely new theory of her case that asks this Court to undertake a fundamentally different analysis than was presented to the District Court. Appellant asked the District Court to find that Sage Dental knew of her pregnancy before it resolved to fire her in October 2017, or alternatively to ignore the fact that Sage Dental was contemplating terminating her before it learned she was pregnant because ultimately it did not terminate her until November 2017, after it learned she was pregnant. The District Court found Sage Dental did not know of her pregnancy prior to its October decision to terminate her, and further ruled that such fact undermined Appellant's arguments that the reasons for her termination in

21-13202-J

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

November 2017 were pretextual. (ECF 114:29, 36-38 / A4:138, 145-147).  In light

of this, Appellant now pivots to arguing that the District Court should have ignored

everything that occurred prior to October 18, 2017, and only looked at the events

that occurred from October 18 to November 9, because the October decision to

terminate was "rescinded".[11]  *See* AB, p. 31 (arguing that "[t]here is no record

evidence of additional interpersonal or performance issues between October 18,

2017, and November 9, 2017, to justify Sage Dental's decision to renege on the

transfer and decide once again to terminate her.");  AB, p. 39 (claiming "[t]he

relevant time frame, therefore, is not what happened before the first rescinded

decision to fire Appellant in October 2017, but rather the time frame between the

decision to transfer her and the decision to revoke the transfer and instead fire her,

*i.e.*, from November 6, 2017, to November 9, 2017.").

Appellant's new theory interposes factual and legal questions not raised in

the District Court.  Appellant never asked the District Court to determine if the

undisputed record evidence supported a determination that the October decision to

terminate Appellant was "rescinded".  Appellant never asked the District Court to

analyze whether Sage Dental was precluded from relying upon the fact that she

was not terminated on October 18, and a transfer was subsequently considered,

---

[11] Notably, there are no record facts to support that Sage Dental made a decision to "renege on the transfer" on October 18, 2017.  *See, generally,* ECF 57 / A1:111 and ECF 97 / A4:57.

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

meant that as a matter of law, Sage Dental could no longer rely on its previous bases (i.e. Appellant's performance and interpersonal issues) to terminate her without the occurrence of new such instances subsequent to October 18. Additionally, her new theory contradicts the assertions she made and positions she took in the District Court. *Compare* (ECF 98:5-8 / SA:8-11) (arguing that the performance issues and related metrics Sage Dental attributed to Appellant and relied upon in terminating her employment were pretext, as evidenced by Appellant's analysis of her own, and her alleged comparators' performance and metrics **throughout 2016 and 2017**); AB, p. 33 (arguing the time period "between the time Sage Dental . . . decided not to terminate Appellant and the time it ultimately did fire her . . . . is the **only time frame that matters to determine** [Sage Dental's] motive, and thus **pretext**."). Her new theory clearly raises new factual and legal issues, which she never presented to the District Court and, in fact, contradict the arguments she raised in the District Court.

Appellant's new "rescission" theory should not be considered on appeal. *See Bryant v. Jones*, 575 F.3d 1281, 1308 (11th Cir. 2009) ("It is well established in this circuit that, absent extraordinary circumstances, legal theories and arguments not raised squarely before the District Court cannot be broached for the

21-13202-J

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

first time on appeal."). Here, Appellant's new "rescission theory" was not "squarely presented" (or presented at all) to the District Court.[12]  *Id*.

As this Court stated in *U.S. v. Corbett*, "[a]n issue . . . is not preserved when its 'factual predicates' are in the record 'but were presented to the District Court under a different legal theory." 921 F.3d 1032 (11th Cir. 2019) (quoting *U.S. v. Massey*, 443 F.3d 814 , 819 (11th Cir. 2006)); *see Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230, 1239 (11th Cir. 2012) ("[T]here is no burden upon the District Court to distill every potential argument that could be made based on the materials before it on summary judgment. Rather, the onus is upon the parties to formulate arguments") (quoting *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 598 (11th Cir. 1995)).

In *Smith v. Sunbelt Rentals, Inc.*, 356 Fed. Appx. 272 (11th Cir. 2009), the employer moved for summary judgment in a race discrimination case on the grounds that Smith could not establish a *prima facie* case of race discrimination because he had not identified valid comparators who had a similar work-rule

---

[12]Because Appellant's "rescission theory" was not raised with the District Court and is materially inconsistent with the theory she presented to the District Court, it cannot be considered for the first time on appeal. *See Onishea v. Hopper*, 171 F.3d 1289, 1304 (11th Cir. 1999) (declining to consider argument that was "new on appeal" and "somewhat inconsistent" with argument raised below). As discussed above and below, though, new arguments, issues, and theories are barred when they were not "squarely before" and "specifically . . . advanced" to the District Court. They need not be "inconsistent" to be barred; it is merely an additional basis.

21-13202-J

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

violation.  *Id*. at 278.   Smith did not address this argument in opposition to summary judgment.  *Id.* at 278.  On appeal, Smith argued for the first time that he had comparator evidence and, thus, could establish *prima facie* case.  *Id*. at 277. This Court refused to consider his new argument, explaining: "[t]o preserve an objection for appeal, the [appellant] 'must raise that point in such clear and simple language that the trial court may not misunderstand it . . . [w]hen the statement is not clear enough to inform the District Court of the legal basis for the objection, we have held that the objection is not properly preserved.'"  *Id*. at 277-78 (internal quotations omitted).

As in *Smith*, Appellant is barred from raising her new "rescission theory" on appeal because she failed to present it to the District Court.  *See e.g. Smith,* 356 Fed. Appx. at 277-88; *see OPIS Mgmt. Res., LLC v. Sec'y, Fla. Agency for Health Care Admin.*, 713 F.3d 1291, 1298 (11th Cir. 2013) (defendant made arguments as to specific statute in opposition to summary judgment in the lower court, but then sought to advance a different theory as to that statute on appeal; Court ruled "the specific argument advanced on appeal was not sufficiently raised before the District Court"); *Anderson v. Am. Gen. Ins*., 688 Fed. Appx. 667, 670 (11th Cir. 2017) (appellant requested District Court stay proceedings if it found claims subject to arbitration, but "did not argue that the District Court was <u>required</u> under the Federal Arbitration Act to stay the proceedings[,] [a]s a result, he failed to

32

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

preserve the issue"); *Hill v. SunTrust Bank*, 720 Fed. Appx. 602, 606 (11th Cir. 2018) (appellant could not argue on appeal that District Court ignored evidence she outperformed comparators, as she did not rely on that evidence when arguing the comparator issue to the District Court).

Appellant can't even argue that her new "rescission theory" is similar to the arguments she presented to the District Court because it actually contradicts her prior position – Sage Dental did not make the decision to terminate Appellant's employment until November 2017 (ECF 98 / SA:4). Sage Dental made the decision to terminate Appellant's employment in October 2017 (AB).

As detailed above, the arguments contain different factual and legal implications, are inconsistent, and the "rescission theory" was never raised, much less "squarely before" the court. Indeed the key words and phrases Appellant now uses to make her "rescission" argument – i.e. "rescind(ed)(ing)", "revers(ed)", "not to fire", "retain" (AB, pp. 11, 14, 15, 23, 24, 26, 31, 32, 33, 37, 38, 39, 42, 44) – do not appear anywhere in her opposition to summary judgemnt, *see* (ECF 98 / SA:4). The corresponding lack of any mention or discussion of the issue by the Court in its Order reflects Appellant's failure to adequately raise the issue.[13]  *See Ruckh v. Salus Rehab., LLC*, 963 F.3d 1089, 1111 (11th Cir. 2020) ("if a party hopes to

---

[13] Likewise, the fact that Appellant did not file a Motion for Reconsideration arguing that the District Court had overlooked and failed to address her "recission" argument is further proof she raised no such arguments below.

21-13202-J

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

preserve a claim, argument, theory, or defense on appeal, she must first clearly present it to the District Court, that is, in such a way as to afford the District Court an opportunity to recognize and rule on it."); *Ledford v. Peeples*, 657 F.3d 1222, 1258 (11th Cir. 2011) ("A mere recitation of the underlying facts, furthermore, is insufficient to preserve an argument; the argument itself must have been made below.").

Because Appellant's entire appeal is predicated on this new "rescission theory", none of her appellate arguments can be considered and the District Court's Order should be affirmed.

## II. THE DISTRICT COURT PROPERLY GRANTED SUMMARY JUDGMENT BASED ON THE UNDISPUTED FACTUAL RECORD PRESENTED TO THE DISTRICT COURT.

Putting aside that Appellant waived all of the arguments she asserted in this Appeal and that she has not appealed any other findings by the District Court, this Court should affirm the District Court's grant of summary judgment as supported by applicable law and the material undisputed facts in this case.

### A. <u>The District Court properly entered summary judgment on Appellant's pregnancy discrimination claim.</u>

#### 1. No direct evidence of pregnancy discrimination

The District Court, first, concluded that the undisputed factual record was "devoid of any direct evidence showing that [Appellant] was terminated because she was pregnant," specifically concluding that the comments Appellant attributed

21-13202-J
*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

to a co-worker and Dr. Montilla to be unrelated to the termination decision.  (ECF 114:18 / A4:126-127).

### 2.    No circumstantial evidence of pregnancy discrimination

The District Court next concluded that Appellant failed to demonstrate circumstantial evidence of pregnancy discrimination necessary to create an issue of fact.  (ECF 114: 18-19 / A4:127-128).

First, Appellant failed to establish that the 11 dentists who worked under Dr. Montilla were comparators because they were not similarly situated to Appellant with respect to "disciplinary and job performance issues."  (ECF 114:20-21 / A4:129-130)*.*  And, in any event, Appellant's performance was worse than the 11 individuals she proffered as comparators.  (*Id.* at A4:129) ("Defendants have provided evidence showing that among the 11 dentists that Plaintiff asserts were her comparators, Plaintiff's burn rate (meaning the percentage of patients who did not return after their first visit) was the **second worst**; her patient retention rate (meaning the percentage of overall patients who returned) was the **worst**; and her treatment acceptance rate ... (meaning the percentage of treatment presented to the patient that the patient accepted) was also the **worst**.")(citing ECF 57:6 / A1:116)(emphasis added).

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

Second, the District Court concluded that Appellant failed to establish a "convincing mosaic" from which a jury could infer intentional discrimination. (ECF 114:22 / A4:131).  "A 'convincing mosaic' may be shown by evidence that demonstrates, among other things, (1) suspicious timing, ambiguous statements . . . , and other bits and pieces from which an inference of discriminatory intent might be drawn, (2) systematically better treatment of similarly situated employees, and (3) that the employer's justification is pretextual."  *Lewis v. City of Union City, Georgia*, 934 F.3d 1169, 1185 (11th Cir. 2019) (internal quotations omitted).

The District Court properly analyzed each factor to determine whether Appellant had established a "convincing mosaic" and concluded she had not.  The District Court found that Appellees were consistent in their reasons for Appellant's termination – "her continued clinical deficiencies and challenges with her inter personal skills, which – at least in [Appellees' view] contributed to the poor financial performance of their Pompano Beach office.  (ECF 114:23-24 / A4:132-133).  The District Court further concluded that, apart from Appellant's personal opinion that she was a "good employee and productive dentist," Appellant failed to refute that Appellees' "testimony and contemporaneous documents and correspondence showing that their decision-makers thought negatively of [Appellant's] performance throughout the relevant time period.  (*Id.* at A4:134). The District Court correctly rejected Appellant's contention that she could rely on

21-13202-J

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

the temporal proximity alone to survive summary judgment. (*Id. at* 26) (citing *Mohammad v. Jacksonville Hospitalists, P.A.*, 712 F. App'x 872, 880 (11th Cir. 2017)). The District Court, relying on *Mohammad,* then correctly concluded that "[g]iven that [Appellees] had questioned [Appellant's] job performance long before her pregnancy and indeed had been contemplating her termination before being informed of the pregnancy," this evidence does not rebut [Appellees'] legitimate reasons for deciding to terminate [Appellant]. *Id*. (citing *Key v. Cent. Ga. Kidney Specialists, P.C.*, No. 19-00253, 2020 WL 7053293, at *6 (M.D. Ga., Oct. 28, 2020 ("[W]hen she told her employer that she was pregnant, she did not wipe away her significant history of [performance issues].")

The District Court correctly concluded that Appellees were entitled to summary judgment on Appellant's pregnancy discrimination claim because Appellant had not offered (1) direct evidence of pregnancy discrimination; (2) circumstantial evidence of pregnancy discrimination; (3) a "convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker;" or (4) facts sufficient to rebut Appellees' nondiscriminatory reasons for her termination.

### 3. Appellant's "Convincing Mosaic" argument is unavailing.

21-13202-J

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

While not identified as an issue on appeal, Appellant attempts to argue that summary judgment should have been denied as to her pregnancy discrimination claim because she "presented a convincing mosaic of pregnancy discrimination."[14] AB, p. 28.  This argument fails on its face by the singular undisputed fact that Appellees made the decision to terminate Appellant before any of the decisionmakers knew she was pregnant.  (ECF 57:7-8 / A1:117-118).  Appellant attempts to avoid this fatal fact by arguing her new Rescission Theory, Appellant has waived this argument and with it her "convincing mosaic of pregnancy discrimination."

As set forth herein, the District Court's Order granting summary judgment on Appellant's pregnancy discrimination claim should be affirmed.

## B. <u>The District Court Properly Entered Summary Judgment On Appellant's Title VII and FCRA Retaliation Claims.</u>

The District Court correctly held Appellant failed to establish a *prima facie* case because she failed to show a causal link between her claimed "protected conduct" (complaining about the proposed transfer to the Parkland office) and her termination.  (ECF 114:29 / A4:138).[15]  The District Court properly pointed out

---

[14] Appellant failed to raise this issue to the District Court and, thus, waived her right to argue the same on appeal. *Ruckh*, 963 F.3d at 1111.

[15] The District Court conducted its retaliation analysis "[a]ssuming [Dr. Danesh] engaged in statutorily protected conduct," (ECF 114:29 / A4:138), thus satisfying the first prong.  In fact she did not do so. But Appellees acknowledge there is a

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

that Appellant "relie[d] on the close temporal proximity to meet the causation element, leaning exclusively on the fact that she was terminated within two days of her complaint to Dr. Montilla." (ECF 114:29 / A4:138). The court, rightly, held this argument unavailing because "in a retaliation case, when an employer contemplates an adverse employment action before an employee engages in protected activity, temporal proximity between the protected activity and the subsequent adverse employment action does not suffice to show causation." *Drago v. Jenne*, 453 F.3d 1301, 1308 (11th Cir. 2006) (quoted in (ECF 114:29 / A4:138)). The court further cited and summarized a Supreme Court case and two of this Court's opinions in support of this holding. *See* (ECF 114:29-30 / A4:138-39) (citing: (1) *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 272 (2001) ("Employers need not suspend previously planned [employment decisions] upon discovering that [a plaintiff had engaged in statutorily protected activity], and their proceeding along lines previously contemplated, though not yet definitively determined, is no evidence whatever of causality."); (2) *Saffold v. Special Counsel, Inc.*, 147 Fed. Appx. 949, 951 (11th Cir. 2005) ("When an employer makes a tentative decision before protected activity occurs, the fact that an employer proceeds with such a decision is not evidence of causation.") (emphasis

---

material factual dispute as to that issue, and thus focus herein on the third prong (causal link) and on pretext, each of which provide independent grounds to affirm the District Court's ruling as to Count II (Retaliation).

21-13202-J

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

in original); 3) *Slater v. Energy Servs. Grp. Intern. Inc.*, 441 Fed. Appx. 637, 642 (11th Cir. 2011) ("[T]he close temporal proximity between [plaintiff's complaint about potential pregnancy discrimination] and her termination did not create a causal link between the two because the record shows that [plaintiff]'s supervisor had already contemplated [plaintiff]'s termination.").

On appeal, Appellant argues that the District Court was simply wrong, and that "temporal proximity" is sufficient when "the employer is aware of the protected conduct" or where the temporal proximity is "very close". (AB, p. 36). In support of these contentions Appellant cites several cases[16], all of which are inapposite, because none of them address the key issue on which the District Court relied—the fact that Sage Dental was contemplating terminating Appellant prior to her allegedly engaging in protected conduct. Nor do any of the cases Appellant cites reverse, distinguish, or call into question the applicability of any of the above-cited cases the District Court properly relied upon, which unequivocally contradict Appellant's assertion that temporal proximity can be sufficient to show causation when termination was already contemplated.

---

[16] *Tebo v. City of DeBary*, *Fla*., 784 Fed. Appx. 727, 731 (11th Cir. 2019); *Thomas v. Cooper Lightning, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007); *Farley v. Nationwide Mut. Ins. Co*., 197 F.3d 1322, 1337 (11th Cir. 1999); *Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1354 (11th Cir. 1999).

21-13202-J

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

Next, she argues—again without addressing any of the binding case law on which the District Court relied—that she could still fulfill the causation prong, and state a *prima facie* case despite the fact that Sage Dental was already contemplating firing her.  (AB, p. 36 47).  She cites *Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1269 (11th Cir. 2010) in support of her contention.  (AB:36).[17]

Unlike the prior cases Appellant relied on, *Alvarez* does in fact involve the applicable situation of a retaliation claim by an employee that the employer had already been contemplating firing prior to her engaging in protected conduct.  *Alvarez,* at 1268.   However, in *Alvarez*, this Court found that the "adverse employment action" was not Alvarez being terminated, but rather it was her being terminated "sooner than she otherwise would have been" which was "enough to establish the adverse action element of her retaliation claim."  *Id*.  That is a crucial distinction that makes *Alvarez* inapplicable here.

The above distinction renders *Alvarez* inapplicable for several independent reasons.  First, Alvarez raised the fired-sooner-than-she-would-have-been theory to

---

[17] She also cites *Key*, but that case analyzed temporal proximity in the context of evaluating pretext as to a discrimination claim, it did not involve an analysis of temporal proximity in the context of showing causation for purposes of establishing a *prima facie* case of retaliation.  WL 7053293, at *7.  And it expressly rejected the idea that the two contexts were interchangeable (as the plaintiff therein tried to treat them, and as Dr. Danesh now does likewise in reverse).  *Id*. ("Both [the cases plaintiff cited regarding temporal proximity], however, involve the 'nexus' element of a retaliation claim, not a showing of pretext . . . . [thus] simply don't support her arguments.").

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

the District Court.  *See id.* at 1263 ("[In response to her employer's summary judgment motion], [Alvarez] contended that she had presented . . . evidence showing that [her employer's] decision to fire her was made in response to her letter of complaint, **or at least that the letter caused the company to fire her immediately instead of waiting until hit had hired a replacement.**") (bold added).  Second, Alvarez adduced evidence establishing this contention.  *Id*. at 1262 ("After reading the letter, [the CEO and CFO] agreed to fire Alvarez immediately rather than waiting until they found a replacement as they had planned to do.").  Third, Alvarez raised this argument to this Court on appeal.  *Id*. at 1268-71 (discussing the argument at length).  Appellant did none of those things.

Appellant did **not** argue to the District Court, even in the alternative, that the adverse employment action for her retaliation claim was her being fired sooner than she otherwise would have.  *See* (ECF 98:11-12 / SA:14-15) (arguing only that she was fired because she complained, not that her complaint hastened her termination).  She did not cite *Alvarez* to the District Court as supporting her retaliation claim, but rather only cited it once, without any discussion or parenthetical, in support of her "pretext" argument as to the discrimination claim (Count I).  *See* (ECF 98:8 / SA:11).  She did not adduce any evidence that she was terminated sooner than she otherwise would have been because of her complaint.  Lastly, she did not argue in her appellate brief that the adverse action she suffered

21-13202-J

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

was being terminated sooner than she otherwise would have been; rather the only adverse action she identifies is the termination itself. (AB, p. 35) ("being terminated from her position certainly qualifies as an 'adverse employment action'."). Thus, any argument that the rationale from *Alavarez* is applicable to this case is: (1) not preserved for appeal, *see supra*; (2) not supported by evidence; and (3) abandoned, *see Sapuppo v. Allstate Floridian Ins. Co.*, 739 F. 3d 678 (11th Cir. 2014) at 681; *Singh v. US Atty. Gen.*, 561 F. 3d 1275 (11th Cir. 2009); Fed. R. App. P. 28(a)(8).

Appellant also argues that the District Court's rationale for rejecting her temporal proximity arguments—i.e. the fact that Sage Dental had already been contemplating her termination—was inapplicable here because Sage Dental had "decided to fire [her] in October 2017 and then explicitly reversed that decision the next day, opting instead to, at most, demote her through a transfer to the . . . Parkland office". (AB, p. 37).[18] Appellant claims that this renders the above-cited cases by the District Court inapplicable. Appellant is factually and legally incorrect.

Just as Appellant failed to factually support her new "Rescission Theory" in the context of her discrimination claim, *see supra*, pp. 41-42, so too has she failed

---

[18] As detailed above, this argument was never presented to the District Court, and should not be considered on appeal.

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

to support it in regards to her retaliation claim. The only evidence Appellant cites to support this new theory as to her retaliation claim is her own testimony. *See* (AB, p. 37). Obviously her own testimony is not competent as to the issue of whether, as she alleges, Sage Dental, on October 18th, "explicitly reversed the decision" to terminate her. (AB, p. 37). She thus fails to factually support her new argument, and as discussed in the context of her discrimination claim, *see supra*, pp. 41-42, the facts contradict her theory.

Likewise, she does not cite any case law supporting her legal premise that because Sage Dental did not go forward with her termination on October 18th, and subsequently considered a transfer, that renders inapplicable the case law the District Court relied upon in finding the causation prong was not met (i.e. *Drago*; *Clark Cnty. Sch Dist.*; *Saffold*; and *Slater*). She does claim, in a footnote, that those cases are in applicable in light of her "Rescission Theory." (AB, pp. 37-38,n.17). But, Appellee's Motion for Summary Judgement cited *Drago* and *Clark Cnty.* as supporting their position that she could not establish the causation link, (ECF 56:15 / A1:102), and Appellant's MSJ Response did not address either case. Thus, she is once again attacking the District Court's Order with her new "Rescission Theory" never raised below.

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

Because Appellant has failed to demonstrate a genuine issue of material facts, the District Court's Order granting summary judgment on Appellant's Title VII and FCRA claims should be affirmed.

### C. <u>The District Court Properly Granted Summary Judgment On Appellant's FMLA Retaliation/Interference Claims.</u>

Appellant and the District Court both accurately stated the same burden-shifting framework that was used above to analyze her Title VII / FCRA retaliation claims is also applicable to her FMLA retaliation claim. (AB, p. 40); (ECF 114:36 / A4:145). As the court explained: "[t]o establish an FMLA retaliation claim, [Appellant] 'must demonstrate that [her] employer intentionally discriminated against [her] in the form of an adverse employment action for having exercised an FMLA right." (ECF 114:36 / A4:145) (quoting *Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1207 (11th Cir. 2001)). "In other words, a plaintiff bringing a retaliation claim faces the increased burden of showing that [her] employer's actions were motivated by an impermissible retaliatory or discriminatory animus." *Strickland*, 239 F.3d at 1207 (internal quotation omitted).

The District Court correctly found that, as with her Title VII / FCRA retaliation claim, her FML retaliation claim likewise failed because she could not show causation, thus preventing her from establishing a *prima facie* case. (ECF

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

114:36 / A4:145).  Separately, even if she could show causation, she nonetheless could not show Sage Dental's legitimate non-discriminatory reasons for termination were pretext.  (ECF 114:37 / A4:146).

### 1.    The District Court correctly held that Appellant could not show a causal link between inquiring about FMLA rights and her termination

Appellant "relie[d] on the same evidence to establish her FMLA retaliation claims as her Title VII claims, so it follow[ed] that her FMLA retaliation claims fail[ed] for the same reason—[Sage Dental] unequivocally contemplated terminating her before she inquired about her FMLA rights."  (ECF 114:36 / A4:145).  Thus, because Sage Dental had already contemplated terminating her, her attempts to show causation through temporal proximity failed.  (ECF 114:36 / A4:145); *Salem v. City of Port St. Lucie*, 788 Fed. Appx. 692, 696 (11th Cir. 2019) ("when an employer contemplates an adverse employment action before an employee engages in protected activity, temporal proximity between the protected activity and the subsequent adverse employment action does not suffice to show causation.") (citation omitted).

On appeal, Appellant argues that temporal proximity alone should have been enough to establish causation.  (AB:41).  She attempts to support this position by citing *Brungart v. BellSouth Telecomms., Inc.*, 231 F.3d 791, 799 (11th Cir. 2000) for the proposition that: "[t]he general rule is that close temporal proximity

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

between the employee's protected conduct and the adverse employment action is sufficient circumstantial evidence to create a genuine issue of material fact of a causal connection."  However, the rule the District Court relied on from *Salem* is specifically an exception to that "general rule".  788 Fed. Appx. at 696 (stating close temporal proximity "is generally sufficient" to create factual question as to causation, but then explaining that general rule does not apply when "an employer contemplates an adverse employment action before an employee engages in protected conduct.") (quoting *Drago*, 453 F.3d at 1308).  Accordingly, her argument fails,[19] and the District Court's ruling should be affirmed.

### 2. The District Court Correctly Held that Appellant Could Not Show that Sage Dental's Legitimate, Non-Discriminatory Reasons for Terminating Her were Pretext

The fact that Sage Dental had already been contemplating firing Appellant, as well as her lack of evidence of discriminatory intent, also prevented her from showing pretext.  (ECF 114:3637 / A4:145-46); *see Salem*, 788 Fed. Appx. at 697 (even if plaintiff had established *prima facie* case, his claim failed because he "failed to present any substantive evidence to show [his employr's] legitimate reason for firming him . . . was pretextual", and did not "present[] any evidence that retaliation for his FMLA leave was the real reason behind his termination.").

---

[19] Dr. Danesh does not address *Salem* in the context of the causation prong, she only addresses it in the context of the pretext analysis.  (AB:33-34,n.18).  Her arguments about *Salem* are unavailing for the reasons described below.

21-13202-J

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

On appeal she argues that this rational, and *Salem*, do not apply because "Sage Dental . . . deci[ded] to fire [her] in October . . . [but] ***also decided to reverse that decision and not fire her.***"[20]  (AB:41-42) (italics and bold in original).  She further relies on her new "rescission" theory to argue that her situation is analogous to that in *Hulbert v. St. Mary's Health Care System, Inc.*, 439 F.3d 1286, 1299 (11th Cir. 2006), where this Court reversed summary judgment because there was a genuine issue of material fact as to whether "the decision to terminate the [plaintiff] had been set in motion before" the alleged protected FMLA conduct. (AB:42-43).   These arguments fail for all the reasons previously articulated herein as to why the new "rescission" theory fails, including that unrebutted and deemed-admitted facts establish the decision to terminate her "had been set in motion" prior to her taking leave[21]; she does not factually support the contention that Sage Dental "reversed" any decision or made an affirmative decision to "not fire her"; and she does not present any authority substantiating the premise that Sage Dental pausing to consider options other than termination deprives it from subsequently relying on its original legitimate, non-discriminatory grounds to terminate her.  *See supra*, pp. 41-42, 50, 53.

---

[20] As detailed above, this argument was never presented to the District Court, and should not be considered on appeal.

[21] A termination letter had been drafted; her replacement had been hired and had a start date.

48

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

Appellant claims "[i]t was not until after Appellant took leave that Dr. Montilla believed [she] would be 'gone' after she gave birth, and that Sage Dental . . . abruptly decided to fire her."  (AB:42) (citing ECF 64-25:2 / A3:245).[22]  She is contorting the facts to try to support an argument that is nothing more than a classic *post hoc, ergo hoc* fallacy.

The email she cites by Dr. Montilla is about her reaction to the proposed transfer to Parkland; he is saying she is not happy about moving to Parkland, and probably will not stay there long.  The email has nothing to do with her having previously taken leave.  The fact that the statement is made "after" she took leave is purely a function of the fact that is when he discussed the idea of a transfer (in lieu of termination) with her, thus that is when she reacted to the idea in a way that caused him to think she would not stay there very long.

As for the notion that it was "not until after [she] took leave that . . . Sage Dental abruptly decided to fire her", the unrebutted and deemed-admitted facts clearly show that is not true.  There was nothing "abrupt" about the decision to fire her.  Sage Dental had been working with a recruiter for months to find and hire a replacement so they could fire her.  Her replacement was scheduled to start on

---

[22] While it is unclear what her point is, she seems to be implying that Dr. Montilla's November 6th email is evidence the actual motive for terminating her was retaliation for her taking FMLA leave.

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

November 13ᵗʰ.  Her taking leave had nothing to do with any of that, and she has no evidence supporting an inference to the contrary.

### D. The District Court Properly Granted Summary Judgment As To Appellant's FWA Retaliation Claim.

Appellant and the District Court both accurately identify that the analysis for a retaliation claim under the Florida Whistle-blower Act is the same as the Title VII retaliation claim analysis.  (AB:43); (ECF 114:38 / A4:147).  The District Court correctly held that "because the undisputed record evidence shows that [Sage Dental] contemplated terminating [Appellant] . . . before [she] [engaged in allegedly protected conduct under the FWA]" her claim failed for the same reasons as her other retaliation claims did (i.e. failure to show causation and pretext).  On appeal she asserts her "rescission" theory[23] as showing that the District Court's above rationale was in error.  This argument fails for all the reasons previously discussed.  *See supra*, pp. 41-42, 50, 53, 59. Her argument also fails because she has not pointed to any evidence that would support the inference that retaliation for her complaint about alleged HIPPA violations was the real motivating factor for her termination.[24]

---

[23] As detailed above, this argument was never presented to the District Court, and should not be considered on appeal.  *See supra*.

[24] The only evidence she cites is her text making the complaint about Ms. Kermani. (AB, pp. 43).

21-13202-J

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

## **CONCLUSION**

As set forth herein, the District Court properly entered summary judgment in favor of Appellees, who respectfully request that this Court affirm the Order and Final Judgment.

Respectfully submitted,

| | |
|---|---|
| /s/ *S. Carey Villleneuve* | Christian Antkowiak, Esq., *pro hac vice* |
| S. Carey Villeneuve, Esq. | Pa. Bar No. 202044 |
| Fla. Bar No. 60621 | christian.antkowiak@bipc.com |
| carey.villeneuve@bipc.com | Erin J. McLaughlin, Esq., *pro hac vice* |
| **BUCHANAN INGERSOLL & ROONEY PC** | Pa. Bar No. 209231 |
| 401 East Las Olas Blvd., Suite 2250 | erin.mclaughlin@bipc.com |
| Fort Lauderdale, FL  33301 | **BUCHANAN INGERSOLL & ROONEY PC** |
| (954) 609-9714 | 501 Grant Street, Suite 200 |
| | Pittsburgh, Pennsylvania 15219 |
| | Telephone:  (412) 562-8800 |
| | Facsimile:  (412) 562-1041 |
| *Attorneys for Appellees Sage Dental Group of Florida, PLLC; Sage Dental Management, LLC; and Sage Dental of Pompano Beach, P.A* | |

21-13202-J

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1.      This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) this document contains 10,074 words.

2.      This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

/s/ *S. Carey Villleneuve*
S. Carey Villeneuve, Esq.
Fla. Bar No. 60621

21-13202-J

*Dr. Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC, et al.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 10, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, thereby causing service on all counsel of record via CM/ECF issued Notices of Electronic Filing, which constitutes service under 11th Cir. R. 25-3(a).

/s/ *S. Carey Villleneuve*

S. Carey Villeneuve, Esq.
Fla. Bar No. 60621