No. 21-13202-J

_____

# IN THE UNITED STATES COURT OF
# APPEALS FOR THE ELEVENTH CIRCUIT

_____

SARA DANESHPAJOUH,

*Plaintiff-Appellant*,

v.

SAGE DENTAL GROUP OF FLORIDA, PLLC, a Florida
corporation, SAGE DENTAL MANAGEMENT, LLC, a Florida
corporation, and SAGE DENTAL OF POMPANO BEACH, P.A.,
a Florida corporation,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Southern District of Florida

No. 19-CIV-62700-RAR

_____

## APPELLANT'S REPLY BRIEF

_____

DARREN M. GOLDMAN, ESQ.
FLORIDA BAR NUMBER 88638
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD., STE. 1800
FORT LAUDERDALE, FL 33301
PHONE: (954) 364-6037
FAX:    (954) 985-4176

JAMIE B. DOKOVNA, ESQ.
FLORIDA BAR NUMBER 592722
BECKER & POLIAKOFF, P.A.
625 N. FLAGLER DRIVE, 7TH FLOOR
WEST PALM BEACH, FL 33401
PHONE: (561) 655-5444
FAX:    (561) 832-8987

*Attorneys for Appellant*
*Sara Daneshpajouh*

No. 21-13202-J

**Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC** *et al.*

CERTIFICATE OF INTERESTED PERSONS

Appellant Sara Daneshpajouh, pursuant to Federal Rule of Appellate Procedure 26.1 and Local Rule 26.1-1, discloses the following as a complete list of all persons and entities known to the appellant to have an interest in the outcome of this appeal:

Antkowiak, Christian (counsel for Appellees)

Beazley USA Services, Inc. (Appellees' insurer)

Becker & Poliakoff, P.A. (counsel for Appellant)

Buchanan Ingersoll & Rooney PC (counsel for Appellees)

Daneshpajouh, Sara (Appellant)

Dokovna, Jamie B. (counsel for Appellant)

Farinas-Sabogal, Lilliana M. (counsel for Appellant)

GD Dental Services Holding Corporation (Parent Corporation of Appellee Sage Dental Management, LLC)

GD Dental Services, LLC (Parent Company of Appellee Sage Dental Management, LLC)

Goldman, Darren M. (counsel for Appellant)

McLaughlin, Erin J. (counsel for Appellees)

Roark, Cindy (Sole Manager of Appellee Sage Dental Group Of Florida, PLLC)

Ruiz II, The Honorable Rodolfo A. (Southern District of Florida judge)

**No. 21-13202-J**
**Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC *et al.***

Sage Dental Group of Florida, PLLC (Appellee)

Sage Dental Management, LLC (Appellee)

Sage Dental of Pompano Beach, P.A. (Appellee)

Syndicate 2623/623 at Lloyd's of London (Underwriters of Appellees' Insurance Policy)

TBG NMS Holdings, Inc. (Parent Corporation of Appellee Sage Dental Management, LLC)

Villeneuve, Stephen Carey (counsel for Appellees)

Any other persons or entities on Appellees' Certificate of Interested Persons

C-2

No. 21-13202-J

**Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC *et al.***

TABLE OF CONTENTS

Certificate of Interested Persons ........................................................C-1

Table of Contents ...............................................................................i

Table of Citations.............................................................................. iii

Preface Regarding Record Citations....................................................v

Preliminary Statement .......................................................................1

Argument............................................................................................3

I.    Dr. Daneshpajouh Never Waived Her Arguments on Appeal....................3

    A.    Sage Dental Distorts the District Court's Ruling with Respect to Dr. Daneshpajouh's Statement of Facts. .........................4

    B.    Dr. Daneshpajouh Relies on the Same Facts the District Court Found to Be Undisputed. ...........................................6

    C.    Dr. Daneshpajouh's Theory of the Case Has Never Changed..............................................................................10

II.   The District Court Erred in Granting Sage Dental Summary Judgment. ......................................................................................14

    A.    Sage Dental Fails to Address Dr. Daneshpajouh's Arguments with Respect to Her Pregnancy Discrimination Claim. ...............................................................................14

    B.    Sage Dental's Arguments in Support of the District Court's Grant of Summary Judgment on Dr. Daneshpajouh's Pregnancy Retaliation Claim Are Unavailing...............................17

        1.    Causation...........................................................................18

        2.    Pretext ..............................................................................22

    C.    Sage Dental's Arguments in Support of the District Court's Grant of Summary Judgment on Dr. Daneshpajouh's FMLA Retaliation Claim Do Not Withstand Scrutiny. ..............................23

i

**No. 21-13202-J**
**Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC *et al.***

D.      Sage Dental's Arguments in Support of the District Court's Decision to Grant Summary Judgment on Dr. Daneshpajouh's FWA Retaliation Claim Are Not Persuasive...........................................................................27

Conclusion ......................................................................................27

Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements .........................................29

Certificate of Service ..............................................................30

No. 21-13202-J

**Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC** *et al.*

TABLE OF CITATIONS

## Cases

*Albert-Aluya v. Burlington Coat Factory Warehouse Corp.*, 407 F. App'x 847 (11th Cir. 2012) ....................................................................... 13, 14

*Alvarez v. Royal Atlantic Developers, Inc.*, 610 F.3d 1253 (11th Cir. 2010)... 19, 21

*Bradshaw v. Reliance Standard Life Insurance Co.*, 707 F. App'x 599 (11th Cir. 2017) .............................................................. 11, 13, 14, 21

*Brungart v. BellSouth Telecommunications, Inc.*, 231 F.3d 791 (11th Cir. 2000).................................................................................................23

*Clark County School District v. Breeden*, 532 U.S. 268 (2001)...................... 14, 19

*Drago v. Jenne*, 453 F.3d 1301 (11th Cir. 2006)....................................................19

*Equal Employment Opportunity Commission v. Reichhold Chemicals, Inc.*, 988 F.2d 1564 (11th Cir. 1993)...........................................................18

*Ervin v. Sprint Communications Co. LP*, 364 F. App'x 114 (11th Cir. 2010)..........5

*Gogel v. Kia Motors Manufacturing of Georgia, Inc.*, 967 F.3d 1121 (11th Cir. 2020)........................................................................................23

*Hairston v. Gainesville Sun Publishing Co.*, 9 F.3d 913 (11th Cir. 1993)..............17

*Hamilton v. Southland Christian School, Inc.*, 680 F.3d 1316 (11th Cir. 2012)...................................................................................................7

*Hurlbert v. St. Mary's Health Care System, Inc.*, 439 F.3d 1286 (11th Cir. 2006)................................................................................... 25, 26, 27

*Johnson v. Airbus Defense & Space Inc.*, 858 F. App'x 304 (11th Cir. 2011)...................................................................................................17

*Lewis v. City of Union City, Georgia*, 934 F.3d 1169 (11th Cir. 2019) .................17

*Lugo v. Carnival Corp.*, 154 F. Supp. 3d 1341 (S.D. Fla. 2015) ..............................4

*Mann v. Taser International, Inc.*, 588 F.3d 1291 (11th Cir. 2009)..........................7

iii

**No. 21-13202-J**
**Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC *et al.***

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) ........................ 14, 23, 27

*Mock v. Bell Helicopter Textron, Inc.*, 196 F. App'x 773 (11th Cir. 2006) ............17

*Reese v. Herbert*, 527 F.3d 1253 (11th Cir. 2008)......................................................7

*Ross v. Rhodes Furniture, Inc.*, 146 F.3d 1286 (11th Cir. 1998) ............................17

*Saffold v. Special Counsel, Inc.*, 147 F. App'x 949 (11th Cir. 2005)............... 14, 19

*Salem v. City of Port St. Lucie*, 788 F. App'x 692 (11th Cir. 2019) ............... 23, 24

*Slater v. Energy Services Group International Inc.*, 441 F. App'x 637 (11th Cir. 2011)..............................................................................................14

*Tebo v. City of DeBary, Florida*, 784 F. App'x 727 (11th Cir. 2019).....................27

*U.S. v. One Piece of Real Property Located at 5800 SW 7th Ave, Miami, Florida*, 363 F.3d 1099 (11th Cir. 2004)...........................................................7, 8

*Windborn v. Supreme Beverage Co.*, 572 F. App'x 672 (11th Cir. 2014) ...............5

*Yee v. City of Escondido, California*, 503 U.S. 519 (1992)......................................11

## Other Authorities

42 U.S.C. § 2000e .....................................................................................................18

No. 21-13202-J

**Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC *et al.***

PREFACE REGARDING RECORD CITATIONS

Citations to the record are set out in brackets and first cite the Appellant's Appendix ("A") volume number and page number (using the Court's file-stamped page number in the header), then cite to the District Court document number and page number (using the District Court's file-stamped page number in the header), and appear as follows:

> [A[ppendix volume number]:[This Court's file-stamped page number] / ECF [District Court docket number]:[District Court file-stamped page number].]

Citations to the Appellees' Supplemental Appendix ("SA") follow a similar structure, and appear as follows:

> [SA:[This Court's file-stamped page number] / ECF [District Court docket number]:[District Court file-stamped page number].]

Citations to Appellant's Initial Brief ("AB") are also in brackets along with the cited page number or page range (using the Court's file-stamped page number in the header), and appear as follows:

> [AB at [This Court's file-stamped page number].]

Citations to Appellees' Corrected Opposition Brief ("OB") follow a similar structure, and appear as follows:

> [OB at [This Court's file-stamped page number].]

No. 21-13202-J

**Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC *et al.***

### PRELIMINARY STATEMENT

Appellees Sage Dental Group of Florida, PLLC, Sage Dental Management, LLC, and Sage Dental of Pompano Beach, P.A. (collectively, "Sage Dental"[1]) essentially premise the entire opposition on a complete fallacy: that Appellant Sara Daneshpajouh ("Dr. Daneshpajouh") waived all her arguments on appeal. Contrary to Sage Dental's baseless and unsupported accusations, the record is abundantly clear that Dr. Daneshpajouh did no such thing. The District Court never struck Dr. Daneshpajouh's pleadings, as Sage Dental disingenuously implies. Nor did it deem Sage Dental's motion for summary judgment unopposed. Rather, the District Court deemed certain facts – but not all facts – alleged by Sage Dental admitted. It also found certain facts alleged by Dr. Daneshpajouh in her opposition statement of facts to be undisputed. The District Court then considered all these undisputed facts and both Parties' memoranda of law in evaluating Sage Dental's motion for summary judgment.

In her memorandum of law before the District Court, Dr. Daneshpajouh raised the central issue underlying this appeal: when was the decision to terminate Dr. Daneshpajouh actually made. Sage Dental argued – and the District Court agreed – that the decision was made on or before October 17, 2017, and thus

---

[1] Capitalized terms not otherwise defined have the meanings ascribed to them in Appellant's initial brief.

1

No. 21-13202-J

**Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC *et al.***

nothing that happened after that date was relevant. Dr. Daneshpajouh, meanwhile, argued the decision may have initially been made on October 17, 2017, but Sage Dental decided to reverse that decision and transfer Dr. Daneshpajouh to Parkland instead, and thus did not ultimately decide to terminate her until November 9, 2017. Even a cursory review of the Parties' briefing before the District Court – and the District Court's order – make clear that the issue was squarely before the District Court. And since it was before the District Court, it is properly before this Court on appeal.

Without the waiver argument to rely upon, Sage Dental's opposition is no opposition at all. It fails to substantially address the legal arguments raised by Dr. Daneshpajouh: that it was improper for the District Court, when viewing the facts in the light most favorable to her as the non-moving party, to disregard everything that happened between October 18, 2017 and November 9, 2017 as irrelevant in evaluating whether a "convincing mosaic" of discrimination and pretext exists. Rather, Sage Dental relies on the same cases the District Court did and does not address Dr. Daneshpajouh's argument that those decisions are all inapposite because they contain significantly different factual histories. Nor does Sage Dental respond to the relevant facts between October and November 2017 that Dr. Daneshpajouh argues establish the mosaic of discrimination and retaliation. The

No. 21-13202-J
**Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC *et al.***

reason for this is apparent. If all facts are considered, including those deemed admitted and considered by the District Court, Dr. Daneshpajouh has met her burden of establishing a *prima facie* case of discrimination and retaliation, and the District Court erred in granting Sage Dental's motion for summary judgment.

**ARGUMENT**

## I.  <u>Dr. Daneshpajouh Never Waived Her Arguments on Appeal</u>.

Dr. Daneshpajouh's argument on appeal is very simple: the District Court erred by entering summary judgment in Sage Dental's favor because when ***all*** undisputed facts are considered in the light most favorable to Dr. Daneshpajouh, a *prima facie* case of discrimination exists and there is a genuine dispute of material fact with respect to whether Sage Dental's proffered reason for firing Dr. Daneshpajouh was pretextual. The undisputed facts the District Court refused to consider are the impact of Sage Dental's decision not to fire Dr. Daneshpajouh in October 2017 and to subsequently engage in discriminatory actions and retaliation before ultimately firing her in November 2017. These facts – and their import – were raised to, and recognized by, the District Court, and thus there is no waiver. Sage Dental's allegations to the contrary are wrong and not supported by the record.

No. 21-13202-J
**Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC** *et al.*

A.    **Sage Dental Distorts the District Court's Ruling with Respect to Dr. Daneshpajouh's Statement of Facts.**

Sage Dental argues that the District Court ruled that its motion for summary judgment was "effectively unopposed" and thus Dr. Daneshpajouh cannot offer legal argument. [OB at 29-30.] This is factually and legally wrong.

Factually, the District Court ***did not deem Sage Dental's motion unopposed.***[2] Sage Dental specifically requested the District Court do so [A4:84-85 / ECF 103:3-4], but the District Court declined. The District Court agreed that Dr. Daneshpajouh did not properly rebut a number of paragraphs with record citations, and deemed ***those*** facts admitted. [A4:113 / ECF 114:4 ("[T]he Court deems admitted the facts submitted by Defendants that Plaintiff failed to properly rebut"); *id*. ("[T]o the extent Defendants' factual allegations are properly supported by the record, the Court deems the following paragraphs of their Statement of Facts admitted: 5, 6, 13-19, 23, 25-26, 28-29, 32, 37-38, 40, 42, 44, 47, 51.").] ***But it did not strike her pleadings in their entirety.*** Rather, the District Court considered Dr. Daneshpajouh's opposition to the non-admitted facts and Dr. Daneshpajouh's additional facts in opposition to summary judgment. [A4:113 n.1, 118-19, 135 /

---

[2] The quote Sage Dental relies on is part of the District Court's recitation of the standard and how it is instructed to deal with improperly rebutted statements of fact. Notably, Sage Dental's citation omits that the quoted language is itself a quote to *Lugo v. Carnival Corp.*, 154 F. Supp. 3d 1341, 1343 (S.D. Fla. 2015), and is not the District Court's own language or holding. [A4:113 / ECF 114:4.]

4

No. 21-13202-J
**Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC** *et al.*

ECF 114:4 n.1, 9-10, 26.]

The District Court also considered Dr. Daneshpajouh's memorandum of law in opposition. Indeed, the District Court's order is replete with references to Dr. Daneshpajouh's arguments in opposition. [A4:126 / ECF 114:17; A4:128 / ECF 114:19; A4:132 / ECF 114:23; A4:133 / ECF 114:24; A4:135 / ECF 114:26; A4:138 / ECF 114:29; A4:140 / ECF 114:31; A4:145 / ECF 114:36.] Accordingly, it is clear the District Court did not treat Sage Dental's motion as "effectively unopposed," and it is disingenuous for Sage Dental to argue otherwise.

Legally, Sage Dental provides no support for its position that Dr. Daneshpajouh is somehow estopped from making legal arguments. The two cases Sage Dental cites are inapposite. *Windborn v. Supreme Beverage Co.* involved a motion to strike – not a motion for summary judgment – in which there was "no opposition." 572 F. App'x 672, 675 (11th Cir. 2014). Similarly, the plaintiff in *Ervin v. Sprint Communications Co. LP* "failed to oppose [the] motion in the district court" and thus did not "assert a legal reason why summary judgment should not be granted." 364 F. App'x 114, 117 (11th Cir. 2010). Here, by contrast, Dr. Daneshpajouh filed a memorandum in opposition to Sage Dental's motion for summary judgment. [SA:4-23 / ECF 98:1-20.[3]] The District Court never struck the

---

[3] Sage Dental accuses Dr. Daneshpajouh of not including her amended response in opposition to Sage Dental's motion for summary judgment in her appendix in

No. 21-13202-J

**Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC** *et al.*

opposition, and in fact cited to it in its order, which makes clear it was considered. [A4:125 n.5, 126-47 / ECF 114:16 n.5, 17-38.] Sage Dental cites no legal support for its position that where certain facts are deemed admitted, a memorandum of law in opposition is to be discarded. The reason: no such law exists.

Accordingly, Dr. Daneshpajouh did not waive her right to raise legal arguments on appeal.

### B.    Dr. Daneshpajouh Relies on the Same Facts the District Court Found to Be Undisputed.

Sage Dental next argues that this Court is "limited to the record facts as found by the District Court" and accuses Dr. Daneshpajouh of premising her argument on "a different set of 'facts.'" [OB at 30, 35.] Once again, Sage Dental mischaracterizes the law and the record below.

The District Court correctly recognized that even if it deemed some of Sage Dental's facts admitted, it "'must still review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact.'" [A4:113 / ECF

---

order to "conceal" it from the Court. [OB at 24 n.4.] This aspersion is baseless. Dr. Daneshpajouh did not include the amended response because it was not relevant to any of the issues on appeal. This would still be true if not for Sage Dental's waiver argument. Notably, Sage Dental sidesteps the reason for the amendment. After the discovery period had closed and Sage Dental had already filed its motion for summary judgment, Dr. Daneshpajouh learned Sage Dental had withheld documents, which Sage Dental claimed did not exist. The District Court granted Dr. Daneshpajouh's motion for sanctions and, as a remedy, allowed Dr. Daneshpajouh to amend her response. [ECF 95.]

No. 21-13202-J
**Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC *et al.***

114:4 (quoting *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009)).]
Because this Court reviews the District Court *de novo*, it, too, must determine
whether the record supports Sage Dental's position that no genuine issue of
material fact exists. *See Hamilton v. Southland Christian School, Inc.*, 680 F.3d
1316, 1318 (11th Cir. 2012) (holding that the Court must "review *de novo* a district
court's grant of summary judgment"); *U.S. v. One Piece of Real Property Located
at 5800 SW 7th Ave, Miami, Fla.*, 363 F.3d 1099, 1102 (11th Cir. 2004) (reviewing
the record to determine that genuine issues of material fact precluded summary
judgment even though motion was unopposed). It cannot just rely on the District
Court's determination, as Sage Dental suggests. *See Reese v. Herbert*, 527 F.3d
1253, 1269-74 (11th Cir. 2008) (reversing in part district court's findings with
respect to record evidence on unopposed motion following *de novo* review of the
record).

This step is not necessary, however, because the facts Dr. Daneshpajouh
relies upon – and Sage Dental wants this Court to ignore – are not "different" or
"additional" facts at all. Rather, they are the same facts that ***were found by the
District Court to be undisputed***, because they were either (i) in the paragraphs of
Sage Dental's statement of facts that were deemed admitted; (ii) in the documents
provided by Sage Dental in support of its statement of facts; (iii) in Dr.

7

Daneshpajouh's opposition to paragraphs in Sage Dental's statement of facts not deemed admitted by the District Court; or (iv) in Dr. Daneshpajouh's additional facts.[4] These include:

- When Dr. Montilla met with Dr. Daneshpajouh on October 18, 2017, he did not terminate Dr. Daneshpajouh's employment. [A4:117 / ECF 114:8; A1:118 / ECF 57:8 at ¶ 38.]

- On October 19, 2017, Dr. Montilla recommended that Sage Dental not fire Dr. Daneshpajouh and instead transfer her to Parkland. [A4:118 / ECF 114:9; A1:118 / ECF 57:8 at ¶ 39.]

- In response to Dr. Montilla's recommendation, Sage Dental called the transfer an "interesting proposition" and asked whether "we cannot or don't want to just terminate Danesh anymore?" [A4:118 / ECF 114:9; A2:132 / ECF 58-6 at 15.]

- On October 23, 2017, Dr. Daneshpajouh complained to Dr. Montilla that Ms. Kermani was violating HIPAA. [A4:118 / ECF 114:9; A3:31 / ECF 63:9 at ¶ 22.]

---

[4] To the extent Sage Dental is arguing that the only thing the District Court should have considered is its own statement of facts in their entirety, and it was error for the District Court to review anything else, Sage Dental is wrong. The District Court did not err in considering the record as a whole. *See One Piece of Real Property*, 363 F.3d at 1101-02.

No. 21-13202-J
**Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC** *et al.*

- After undergoing emergency surgery on October 27, 2017, Dr. Daneshpajouh inquired about FMLA leave, to which Dr. Montilla told her she did not need to apply for FMLA since her leave could count as vacation. [A4:118 / ECF 114:9; A1:139 / ECF 58-1:14 at 46:18-25; A3:33 / ECF 63:11 at ¶ 29.]

- On November 6, 2017, Dr. Montilla told Dr. Daneshpajouh she was being transferred to Parkland due to performance issues that had not been previously discussed with her. [A4:119 / ECF 114:10; A1:133 / ECF 58-1:8 at 21:1-7; A3:33 / ECF 63:11 at ¶ 31.]

- On November 7, 2017, Dr. Daneshpajouh and Dr. Montilla had another conversation in which Dr. Daneshpajouh complained that the transfer was a "considerable demotion." Dr. Montilla agreed the transfer was a demotion but that "based on [Dr. Daneshpajouh's] current condition, it's best if [she] go to a slower office that's a lot less stressful, so Parkland is a really good option." [A4:119 / ECF 114:10; A1:136 / ECF 58-1:11 at 36:11-21; A3:33 / ECF 63:11 at ¶¶ 33-34.]

- Dr. Daneshpajouh accepted the transfer to Parkland. [A4:119 / ECF 114:10; A3:33 / ECF 63:11 at ¶ 35.]

No. 21-13202-J
**Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC *et al.***

- On November 9, 2017, Dr. Montilla and Dr. Mann told Dr. Daneshpajouh that she would not be transferred to Parkland but instead would be terminated because she was not profitable. [A4:119 / ECF 114:10; A3:34 / ECF 63:12 at ¶ 36.]

Notably, many of the District Court's citations are to ***Dr. Daneshpajouh's*** statement of facts. [A4:117-19 / ECF 114:8-10.]

Given that these are the same facts Dr. Daneshpajouh relies upon in arguing that the District Court erred in granting summary judgment [AB at 14-19], Dr. Daneshpajouh did not waive her right to argue the impact and relevance of these facts now. Sage Dental's argument to the contrary should be viewed for what it is – an attempt to have this Court ignore facts which are not supportive of its position.

### C.    Dr. Daneshpajouh's Theory of the Case Has Never Changed.

Finally, Sage Dental argues Dr. Daneshpajouh has waived her arguments on appeal because she has raised a new theory: that Sage Dental decided to terminate Dr. Daneshpajouh in October 2017, then reversed that decision, and ultimately decided to terminate her in November 2017, after she engaged in protected activity.[5] [OB at 36-45.] Sage Dental once again misstates the law on waiver.

---

[5] Sage Dental uses short-hand for this argument as the "rescission theory." [OB at 36-45.] But Dr. Daneshpajouh is not asserting a "theory" at all, let alone a "new" theory, but rather applying the facts of the case ***as found to be undisputed by the District Court***.

10

No. 21-13202-J

**Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC *et al.***

Contrary to Sage Dental's assertion, a party does not need to raise "precisely the same" argument on appeal as it made at the district court level. *See Bradshaw v. Reliance Standard Life Ins. Co.*, 707 F. App'x 599, 605 (11th Cir. 2017). Rather, "[a] party may take a 'new approach' to an issue preserved for appeal; she may improve how she articulated the same arguments when she was before the district court." *Id.* Indeed, "'[o]nce a federal claim is properly presented, a party can make any argument in support of that claim; parties are not limited to the precise arguments they made below.'" *Id.* (quoting *Yee v. City of Escondido, Cal.*, 503 U.S. 519, 534 (1992)).

That is exactly what Dr. Daneshpajouh is doing here. As Sage Dental recognizes, Dr. Daneshpajouh argued to the District Court that Sage Dental terminated her on November 9, 2017. [OB at 36-37; SA:8 / ECF 98:5; SA:9 / ECF 98:6; SA:13 / ECF 98:10; SA:15 / ECF 98:12.] The record is also clear that Sage Dental had initially planned to end Dr. Daneshpajouh's employment on October 18, 2017. [A4:117 / ECF 114:8; A1:117-18 / ECF 57:7-8 at ¶¶ 35-37.] But contrary to Sage Dental's insinuation, these two sets of facts are not mutually exclusive. Just because Sage Dental had initially intended to fire Dr. Daneshpajouh on October 18, 2017 ***does not mean it made that decision and followed through with it***. Dr. Daneshpajouh recognized this before the District Court, arguing that

11

No. 21-13202-J
**Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC *et al.***

"[a]lthough Defendants may have considered Plaintiff's termination earlier, they did not terminate her until November."[6] [SA:13 / ECF 98:10.]

This is the same basic argument Dr. Daneshpajouh is making before this Court. Dr. Daneshpajouh's position has always been that she was ultimately fired in November 2017, and when ***all*** facts are considered,[7] and all inferences are construed in her favor, a *prima facie* case of discrimination exists. [SA:8 / ECF 98:5; SA:9 / ECF 98:6; SA:13 / ECF 98:10; SA:15 / ECF 98:12.] Sage Dental's

---

[6] The undisputed facts back this up, showing that Sage Dental decided to transfer Dr. Daneshpajouh in October 2017 rather than fire her, and it did not ultimately decide to fire her until November 9, 2017. [A1:118 / ECF 57:8 at ¶¶ 38-40; A1:133 / ECF 58-1:8 at 21:1-7; A2:132 / ECF 58-6 at 15; A3:33-34 / ECF 63:11-12 at ¶¶ 31, 36; A4:117-19 / ECF 114:8-10.] Sage Dental claims there is no record evidence that Sage Dental reversed its decision to fire Dr. Daneshpajouh. [OB at 38 n.10.] This is not true. Sage Dental's own statement of facts states the following: "In response to a question as to ***why Sage Dental was no longer terminating Plaintiff***, Dr. Montilla responds: '**She informed me yesterday [October 18, 2017] that she is pregnant**.'" [A1:118 / ECF 57:8 at ¶ 40 (bold italics added for emphasis; bold underlines in the original).]

[7] Sage Dental accuses Dr. Daneshpajouh of asking this Court to "ignore[] everything that occurred prior to October 18, 2017, and only look[] at the events that occurred from October 18 to November 9, because the October decision to terminate was 'rescinded.'" [OB at 40.] This is a mischaracterization of Dr. Daneshpajouh's argument. Dr. Daneshpajouh never argued that what happened prior to October 18, 2017 – when Dr. Montilla did not terminate Dr. Daneshpajouh and instead recommended Sage Dental transfer her – does not matter. Dr. Daneshpajouh's position is that everything matters. The District Court needed to consider what happened prior to October 18, 2017 ***and*** what happened between October 18, 2017 and November 9, 2017 in order to determine whether a *prima facie* case exists. [AB at 27-44.] It is Sage Dental, not Dr. Daneshpajouh, that is asking the Court to ignore undisputed facts.

No. 21-13202-J
**Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC** *et al.*

position, meanwhile, has always been that the decision was made in October and nothing else mattered. [A1:89, 92-93, 98, 100, 102, 105 / ECF 56:2, 5-6, 11, 13, 15, 16; A4:83, 94 / ECF 103:2, 13.] It makes no difference that Dr. Daneshpajouh did not use the specific terms "rescind," "reverse," or "revoke" before the District Court and does so now. As *Bradshaw* makes clear, a party can refine its arguments on appeal and improve how certain arguments are articulated. 707 F. App'x at 605; *see also Albert-Aluya v. Burlington Coat Factory Warehouse Corp.*, 407 F. App'x 847, 850 (11th Cir. 2012) ("Although the response is not a model of clarity, a fair reading of the document shows that Ms. Albert–Aluya waived her national-origin argument only with regard to her failure-to-promote claim, and not her wrongful-termination claim."). Indeed, such an approach is typical appellate argument. *Bradshaw*, 707 F. App'x at 605 (explaining that a party "may improve how she articulated the same arguments when she was before the district court, and a good attorney often does").

Accordingly, Sage Dental's attempt to convert Dr. Daneshpajouh's position into a new "legal" argument or theory that was not preserved for appeal is disingenuous. The District Court accepted Sage Dental's position that the decision to terminate Dr. Daneshpajouh's employment was made on October 17, 2017, and based its decision on the legal position that because Sage Dental had contemplated

13

No. 21-13202-J
**Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC** *et al.*

firing Dr. Daneshpajouh in October 2017, what happened afterwards was irrelevant. [A4:138 / ECF 114: 29 (relying on *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 272 (2001); *Saffold v. Special Counsel, Inc.*, 147 F. App'x 949, 951 (11th Cir. 2005); *Slater v. Energy Servs. Grp. Int'l Inc.*, 441 F. App'x 637, 642 (11th Cir. 2011)).] Dr. Daneshpajouh disagreed then and disagrees now, and she is allowed to challenge that decision on appeal.

## II.    **The District Court Erred in Granting Sage Dental Summary Judgment**.

### A.    **Sage Dental Fails to Address Dr. Daneshpajouh's Arguments with Respect to Her Pregnancy Discrimination Claim.**

With respect to Dr. Daneshpajouh's pregnancy discrimination claim, Sage Dental tries to avoid addressing the District Court's errors head on by arguing Dr. Daneshpajouh waived her right to appeal the error. Sage Dental again accuses Dr. Daneshpajouh of "fail[ing] to raise the [convincing mosaic] issue to the District Court and, thus, waived her right to argue the same on appeal." [OB at 49 n.14.] But this is simply not true. The District Court specifically noted that it appeared Dr. Daneshpajouh "is attempting to try her hand at each, [and] the Court will assess Plaintiff's claims under both the *McDonnell Douglas* and 'convincing mosaic' analyses." [A4:127-28 n.6 / ECF 114:18-19 n.6.] Dr. Daneshpajouh thus raised the issue before the District Court and can appeal the District Court's decision. *See Bradshaw*, 707 F. App'x at 605; *Albert-Aluya*, 407 F. App'x at 850.

14

No. 21-13202-J
**Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC *et al.***

Here, Dr. Daneshpajouh argues that the District Court erred because she presented a convincing mosaic of pregnancy discrimination when ***all undisputed facts*** are considered in the light most favorable to her, and it was error for the District Court to disregard certain facts. [AB at 27-34.] For example, she contends that the following facts between October 18, 2017 and November 9, 2017 – recognized by the District Court to be undisputed and/or in the record – call into question whether Sage Dental's stated reason for firing Dr. Daneshpajouh was pretextual:

- There is no record evidence of additional interpersonal or performance issues between October 18, 2017 and November 9, 2017[8] that would warrant Sage Dental's decision to change its mind on transferring Dr. Daneshpajouh to Parkland and to fire her instead. The only "change" between October and November 2017 is Dr. Daneshpajouh informing Sage Dental she is pregnant and needing time off due to emergency surgery related to pregnancy complications. [AB at 31.]

- Ms. Kermani warned Dr. Daneshpajouh "not [to] get pregnant

---

[8] The documented interpersonal and performance issues Sage Dental relies upon occurred in 2014 and 2015 – years before Sage Dental decided to terminate Dr. Daneshpajouh's employment. [A2:151-52 / ECF 58-7:18-19 at 65:13-71:22; A2:202 / ECF 58-9:2; A2:205 / ECF 58-10:2.]

anytime soon" because the office "needs to keep making money." [AB at 28; A4:65 / ECF 97:9 at ¶ 18.]

- Dr. Montilla suggested Dr. Daneshpajouh work in a "less stressful" environment due to her "condition," *i.e.,* her pregnancy. [AB at 28; A4:119 / ECF 114:10; A1:136 / ECF 58-1:11 at 36:11-21; A3:33 / ECF 63:11 at ¶¶ 33-34.]

- Dr. Montilla told others at Sage Dental he expected "that once she has the baby she will be gone." [AB at 28; A3:245 / ECF 64-25:2.]

In its opposition, Sage Dental does not address **any** of these points. Instead, it simply argues that Dr. Daneshpajouh's "rescission theory" is waived. But as discussed above, no waiver occurred. *See* Part I, *supra*. Sage Dental's decision not to address the merits is itself an abandonment of its opposition to the import of these facts.

The only substantive opposition Sage Dental can muster with respect to the pregnancy discrimination claim is its argument that the comparators Dr. Daneshpajouh put forth with respect to her performance issues were not true comparators, and "in any event, Appellant's performance was worse than the 11 individuals she proffered" when compared to burn rate, patient retention rate, and treatment acceptance rate. [OB at 46.] But this ignores Dr. Daneshpajouh's

No. 21-13202-J
**Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC *et al.***

argument. Dr. Daneshpajouh argued that these statistics and metrics were pretextual because Sage Dental "cherry-picked which metrics it considered" and relied on metrics that it no longer used to evaluate dentists because other metrics (which Dr. Daneshpajouh excelled in) "more accurately" measure performance. [AB at 30 & n.15; A2:148 / ECF 58-7:15 at 53:13-15, 54:10-20, 55:25-56:9.] The District Court should have considered this record evidence when evaluating pretext and whether a convincing mosaic existed. *See Lewis v. City of Union City, Georgia*, 934 F.3d 1169, 1185 (11th Cir. 2019); *Johnson v. Airbus Def. & Space Inc.*, 858 F. App'x 304, at *6 (11th Cir. 2011); *Ross v. Rhodes Furniture, Inc.*, 146 F.3d 1286, 1291 (11th Cir. 1998); *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 921 (11th Cir. 1993).

Its failure to do so was error.[9]

**B.** **Sage Dental's Arguments in Support of the District Court's Grant of Summary Judgment on Dr. Daneshpajouh's Pregnancy Retaliation Claim Are Unavailing.**

Dr. Daneshpajouh makes two distinct arguments as to why the District Court erred in granting summary judgment on her pregnancy retaliation claim: (1) Dr.

---

[9] At the very least, the record evidence on this metric issue created a factual dispute with respect to pretext, which in and of itself should have resulted in the denial of summary judgment when viewed in the light most favorable to Dr. Daneshpajouh. *See Mock v. Bell Helicopter Textron, Inc.*, 196 F. App'x 773, 774 (11th Cir. 2006) (reversing grant of summary judgment because there were genuine issues of material fact regarding pretext).

17

No. 21-13202-J
**Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC *et al.***

Daneshpajouh established the causation prong of a *prima facie* retaliation claim (AB at 35-38); and (2) Dr. Daneshpajouh presented sufficient evidence of pretext to survive summary judgment (AB at 38-40). Sage Dental fails to adequately rebut either one.

       1.   <u>Causation</u>

With respect to Dr. Daneshpajouh's causation argument, Sage Dental never addresses the prevailing standard: "This court has interpreted the causal link requirement broadly; a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated." *Equal Employment Opportunity Comm'n v. Reichhold Chems., Inc.*, 988 F.2d 1564, 1571-72 (11th Cir. 1993).

Instead, Sage Dental argues the two-day interval between Dr. Daneshpajouh's protected activity (complaining about the demotion) and Sage Dental's adverse action (terminating Dr. Daneshpajouh's employment) is irrelevant because "Sage Dental was contemplating terminating Appellant prior to her allegedly engaging in protected conduct."[10] [OB at 51.] But as Dr. Daneshpajouh explained in her initial brief [AB at 37-38 n.17], the cases relied on by the District

---

[10] Sage Dental's attempt to question whether Dr. Daneshpajouh's complaints qualify as protected activity [OB at 49-50 n.15] is misplaced. Dr. Daneshpajouh's complaints about her effective demotion – which was premised on Dr. Daneshpajouh's "condition," *i.e.*, her high-risk pregnancy – qualifies as protected activity. *See* 42 U.S.C. § 2000e-3(a); *see also* AB at 35.

No. 21-13202-J
**Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC** *et al.*

Court are all distinguishable. In each case, the employer had made the decision to terminate the employee but had not yet followed through. *See Breeden*, 532 U.S. at 272 ("[S]he was contemplating transferring plaintiff [in April] . . . and this transfer was 'carried through' in May."); *Drago v. Jenne*, 453 F.3d 1301, 1308 (11th Cir. 2006) ("[T]he record evidence is overwhelming that BSO contemplated demoting him before he ever complained . . . ."); *Saffold*, 147 F. App'x at 951 ("[H]er supervisor simply followed through with the 'previously contemplated, though not yet definitively determined' plan to terminate . . . ."). There was no interruption or reversal of that decision. *See generally Breeden*, 532 U.S. 268; *Drago*, 453 F.3d 1301; *Saffold*, 147 F. App'x 949. Thus, none of the cases involved the situation here, where Sage Dental affirmatively decided ***not*** to follow through with its decision to terminate Dr. Daneshpajouh.

Recognizing this, Sage Dental hangs its hat on trying to distinguish *Alvarez v. Royal Atlantic Developers, Inc.*, 610 F.3d 1253 (11th Cir. 2010), arguing that *Alvarez* is inapposite because it involved a case where the retaliation was the employee's "being fired sooner than she otherwise would have." [OB at 53.] But Sage Dental fails to appreciate one of the principles *Alvarez* stands for. In *Alvarez*, the Court recognized that even though the employer had decided to terminate the employee, ***events after that decision was made still matter***. *See Alvarez*, 610 F.3d

No. 21-13202-J
**Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC *et al.***

at 1268-69. The same is true here. Even though Sage Dental may have initially decided to terminate Dr. Daneshpajouh on October 17, 2017, the District Court needed to consider subsequent events as well. Specifically, that:

- On October 18 and 19, 2017, Sage Dental reversed its decision to fire Dr. Daneshpajouh and opted to transfer her to Parkland instead. [A4:117-18 / ECF 114:8-9; A1:118 / ECF 57:8 at ¶¶ 38-40; A2:132 / ECF 58-6 at 15.]

- On November 7, 2017, Dr. Daneshpajouh and Dr. Montilla had a conversation in which Dr. Daneshpajouh complained that the transfer to Parkland was a "considerable demotion." Dr. Montilla agreed the transfer was a demotion. [A4:119 / ECF 114:10; A1:136 / ECF 58-1:11 at 36:11-21; A3:33 / ECF 63:11 at ¶¶ 33-34.]

- Sage Dental fired Dr. Daneshpajouh two days after complaining, even though she accepted the transfer and demotion. [A4:119 / ECF 114:10; A3:33-34 / ECF 63:11-12 at ¶¶ 35-36.]

When these facts are properly considered in the light most favorable to Dr. Daneshpajouh, the causation prong of Dr. Daneshpajouh's Title VII retaliation

No. 21-13202-J

**Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC** *et al.*

claim is established.[11]

Sage Dental has no substantive response to this argument. Rather, it claims – again – that Dr. Daneshpajouh waived her right to argue that Sage Dental reversed its decision to terminate her on October 18, 2017, and then engaged in retaliatory practices.[12] [OB at 54-56.] But as detailed above, no such waiver occurred. *See* Part I, *supra*.

Sage Dental also alleges there is no factual support for Dr. Daneshpajouh's "theory" that "Sage Dental, on October 18th, 'explicitly reversed the decision' to terminate her." [OB at 55.] This is simply not true. The factual support comes from Sage Dental's own statement of facts: "In response to a question as to why Sage Dental was no longer terminating Plaintiff, Dr. Montilla responds: 'She informed me yesterday [October 18, 2017] that she is pregnant.'" [A1:118 / ECF 57:8 at ¶ 40 (emphases omitted).] And in any event, all inferences must be made in Dr.

---

[11] In its statement of facts, Sage Dental references communications in which Dr. Daneshpajouh told colleagues she was fired for economic reasons. [OB at 21.] Sage Dental does not mention these communications in its argument, so one can only assume they are included solely to paint Dr. Daneshpajouh in a negative light. These communications are immaterial. Just like Dr. Daneshpajouh's subjective belief as to whether she was a "good employee" is irrelevant, *see Alvarez*, 610 F.3d at 1266, so is her subjective belief as to why she was fired. Sage Dental either discriminated and retaliated against Dr. Daneshpajouh or it did not, regardless of Dr. Daneshpajouh's in-the-moment feelings.

[12] Sage Dental also argues it is improper for Dr. Daneshpajouh to cite to *Alvarez* because she did not do so in the District Court. [OB at 53-54.] There is no basis for this argument. *See Bradshaw*, 707 F. App'x at 605.

21

No. 21-13202-J
**Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC *et al.***

Daneshpajouh's favor – not Sage Dental's.

Accordingly, Dr. Daneshpajouh satisfied the causation prong and established a *prima facie* case of retaliation. The District Court's grant of summary judgment to Sage Dental, therefore, was error.

        2.    <u>Pretext</u>

Sage Dental does not address any of the arguments raised by Dr. Daneshpajouh in her initial brief regarding pretext, and thus Dr. Daneshpajouh refers the Court to Section II.B of her initial brief. [AB at 38-40.]

Sage Dental does, however, offer a new rationale as to why the transfer to Parkland did not occur. In its statement of facts, Sage Dental alleges – for the first time – that it fired Dr. Daneshpajouh because the Parties "did not come to terms on the transfer." [OB at 20.] This change in position is noteworthy for two reasons. First, it directly contradicts the undisputed fact, ***as found by the District Court***, that Dr. Daneshpajouh ***accepted*** the transfer. [A4:119 / ECF 114:10; A3:33 / ECF 63:11 at ¶ 35.] If anything, this new position supports Dr. Daneshpajouh's argument that her termination was a result of her complaints.[13]

Second, it calls into question Sage Dental's stated rationale for termination. Sage Dental cannot argue it fired Dr. Daneshpajouh for performance and

---

[13] The District Court recognized that the "transfer to the Parkland office *would* have constituted a demotion and therefore an actionable adverse employment action." [A4:123 / ECF 114:14 (emphasis in original).]

No. 21-13202-J
**Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC** *et al.*

profitability purposes [A4:119 / ECF 114:10; A3:34 / ECF 63:12 at ¶ 36] while at the same time arguing it fired her because the Parties could not come to agreement on the terms of transfer [OB at 20].

This is just further proof that Sage Dental's profitability rationale is pretextual, or at the very least there is a question of fact on the issue. And given that all facts and inferences must be construed in Dr. Daneshpajouh's favor, summary judgment was improper. *Cf. Gogel v. Kia Motors Mfg. of Georgia, Inc.*, 967 F.3d 1121, 1136 (11th Cir. 2020) (explaining evidence of pretext is evidence "from which one could reasonably conclude that but for her alleged protected act, her employer would not have fired her").

### C.    Sage Dental's Arguments in Support of the District Court's Grant of Summary Judgment on Dr. Daneshpajouh's FMLA Retaliation Claim Do Not Withstand Scrutiny.

In her initial brief, Dr. Daneshpajouh argues that the District Court erred in granting summary judgment because temporal proximity between an employee's protected acts and the employer's adverse action is sufficient to satisfy the *McDonnell Douglas* causation prong of retaliation for *prima facie* purposes. [AB at 41 (quoting *Brungart v. BellSouth Telecomms., Inc.*, 231 F.3d 791, 799 (11th Cir. 2000)).] Sage Dental does not disagree with this general proposition, but rather argues that it is inapplicable here because the *Salem v. City of Port St. Lucie*, 788 F. App'x 692, 696 (11th Cir. 2019), "exception" to temporal proximity applies

No. 21-13202-J
**Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC** *et al.*

since Sage Dental had already contemplated firing Dr. Daneshpajouh in October 2017, before the alleged protected acts.[14] [OB at 56-59.] In support, Sage Dental argues that the decision to terminate Dr. Daneshpajouh "had been set in motion" prior to her taking leave and Dr. Daneshpajouh "does not factually support the contention that sage Dental 'reversed' any decision or made an affirmative decision to 'not fire her.'" [OB at 59.] This argument lacks merit.

Perhaps most importantly, as detailed above, Sage Dental disregards its own statement of facts (which, as it incorrectly argues throughout its opposition, are supposedly the only facts that matter). Paragraph 40 of its statement of facts specifically acknowledged that Sage Dental had reversed its decision and decided not to fire Dr. Daneshpajouh in October 2017: "In response to a question as to why Sage Dental was no longer terminating Plaintiff, Dr. Montilla responds: 'She informed me yesterday [October 18, 2017] that she is pregnant.'" [A1:118 / ECF 57:8 at ¶ 40 (emphases omitted).] Thus, contrary to Sage Dental's contention, there *is* factual support that Sage Dental affirmatively decided not to fire Dr. Daneshpajouh – and it came from Sage Dental.

Given this admission, Sage Dental's suggestion that *Salem* applies because the decision to terminate Dr. Daneshpajouh "had been set in motion" is inaccurate,

---

[14] In a footnote, Sage Dental repeats its faulty waiver argument. [OB at 59 n.20.] For the reasons stated above, *see* Part I, *supra*, the argument fails.

and at best not outcome determinative. *Hurlbert v. St. Mary's Health Care System, Inc.*, 439 F.3d 1286, 1299 (11th Cir. 2006), is instructive. In *Hurlbert*, the defendant made the same "set in motion" argument, and this Court rejected it. According to the *Hurlbert* Court, "[w]hen read in the light most favorable to Hurlbert, . . . the summary judgment evidence indicates that there is at least a genuine issue of material fact on" whether the decision to terminate Hulbert had been set in motion before the FMLA leave request, and thus summary judgment was improper. *Id.* So too here. The record before the District Court contained the following facts:

- On October 19, 2017, Sage Dental decided to transfer Dr. Daneshpajouh to Parkland rather than terminate her. [A1:118 / ECF 57:8 at ¶ 40.]

- On October 30, 2017, Dr. Daneshpajouh underwent emergency surgery to save her pregnancy. [A4:118 / ECF 114:9; A3:32 / ECF 63:10 at ¶ 28.]

- Dr. Daneshpajouh asked Dr. Montilla about her FMLA rights. [A4:118 / ECF 114:9; A3:32 / ECF 63:10 at ¶ 29.]

- Dr. Montilla told Dr. Daneshpajouh she was not entitled to FMLA benefits. [A4:118 / ECF 114:9; A3:32 / ECF 63:10 at ¶ 29.]

No. 21-13202-J

**Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC** *et al.*

- Dr. Daneshpajouh was out of work from October 30, 2017 through November 6, 2017 to recover from the surgery. [A4:118-19 / ECF 114:9-10; A3:32-33 / ECF 63:10-11 at ¶¶ 29-30.]

- On November 6, 2017, Dr. Montilla told Dr. Daneshpajouh she was being transferred to Parkland due to performance issues that had not been previously discussed with her. [A4:119 / ECF 114:10; A1:133 / ECF 58-1:8 at 21:1-7; A3:33 / ECF 63:11 at ¶ 31.]

- On November 6, 2017, Dr. Montilla wrote that he believed Dr. Daneshpajouh would be 'gone' after she gave birth.[15] [AB at 28; A3:245 / ECF 64-25:2.]

- Sage Dental terminated Dr. Daneshpajouh's employment on November 9, 2017 – a mere three days later. [A4:119 / ECF 114:10; A3:34 / ECF 63:12 at ¶ 36.]

- Sage Dental premised the termination on her lack of profitability. [A4:119 / ECF 114:10; A3:34 / ECF 63:12 at ¶ 36.]

---

[15] Sage Dental accuses Dr. Daneshpajouh of "contorting the facts" by arguing Dr. Montilla was simply referring to Dr. Daneshpajouh's displeasure with the transfer to Parkland. [OB at 49.] But Sage Dental provides no record evidence to support this new justification. At best, it is an issue of fact as to what Dr. Montilla meant, and since Sage Dental moved for summary judgment, all inferences must be construed in Dr. Daneshpajouh's favor. *See Hurlbert*, 439 F.3d at 1293, 1299 (explaining the Court "view[s] all facts and reasonable inferences in the light most favorable to the nonmoving party" (internal quotation marks and citation omitted)).

- The metrics used to justify Dr. Daneshpajouh's termination were not used to evaluate other dentists and are no longer used because other metrics are "more accurate[]." [A2:148 / ECF 58-7:15 at 53:13-15, 54:10-20, 55:25-56:9.]

These facts are sufficient to satisfy the *McDonnell Douglas* framework to establish a *prima facie* case of FMLA retaliation and to create an issue of fact as to whether Sage Dental's proffered reason for termination was pretextual. *See Tebo v. City of DeBary, Florida*, 784 F. App'x 727, 729 & n.3 (11th Cir. 2019) (establishing the standard for surviving summary judgment); *Hurlbert*, 439 F.3d at 1299.

### D. Sage Dental's Arguments in Support of the District Court's Decision to Grant Summary Judgment on Dr. Daneshpajouh's FWA Retaliation Claim Are Not Persuasive.

Sage Dental and Dr. Daneshpajouh appear to agree that Dr. Daneshpajouh's FWA retaliation claim will succeed or fail for the same reasons as her Title VII retaliation claims. [AB at 43-44; OB at 61.] Thus, Dr. Daneshpajouh incorporates the arguments raised in Parts II.B and II.C, *supra*.

### CONCLUSION

Based on the foregoing, as well as the arguments raised in her initial brief, the Appellant, Sara Daneshpajouh, respectfully requests the Court enter an order reversing the District Court's summary judgment order and entry of final judgment on her Title VII and FCRA pregnancy discrimination claims (Count I), her Title

**No. 21-13202-J**
**Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC *et al.***

VII and FCRA pregnancy retaliation claims (Count II), her FMLA retaliation claim

(Count IV), and her FWA claim (Count V), and granting such other relief as the

Court deems just, fair, and equitable.

Dated: March 30, 2022

Respectfully submitted,

*/s/ Darren M. Goldman*_____
Darren M. Goldman, Esq.
Florida Bar Number 88638
Becker & Poliakoff, P.A.
1 East Broward Blvd., Ste. 1800
Fort Lauderdale, FL 33301
Phone:  (954) 364-6037
Fax:      (954) 985-4176

Jamie B. Dokovna, Esq.
Florida Bar Number 592722
Becker & Poliakoff, P.A.
625 N. Flagler Drive, 7th Floor
West Palm Beach, Florida 33401
Phone:  (561) 655-5444
Fax:      (561) 832-8987

*Attorneys for Appellant Sara*
*Daneshpajouh*

No. 21-13202-J

**Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC *et al.***

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

I certify that this document complies with Fed. R. App. P. 32(a)(7)(B)(ii) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 6,446 words.

I further certify that this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in 14 point font Times New Roman.

By: */s/ Darren M. Goldman*
Darren M. Goldman, Esq.
Florida Bar Number 88638

**No. 21-13202-J**

**Sara Daneshpajouh v. Sage Dental Group of Florida, PLLC** *et al.*

CERTIFICATE OF SERVICE

I certify that on March 30, 2022, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served on this day on all counsel of record via the Court's CM/ECT Notice of Docket Activity.

By: */s/ Darren M. Goldman*
Darren M. Goldman, Esq.
Florida Bar Number 88638

30